# James v. Clark.

## Statutory Action in nature of Ejectment.

1. *Setting apart exemptions to widow before administration* —When the property owned by a decedent at the time of his death "does not exceed in amount and value the exemptions allowed in favor of his widow and minor children" (Code, § 2562; Sess. Acts 1886-7, p. 112), the homestead may be allotted to the widow, on her application, before administration granted; but, if her petition shows that the homestead tract contains more than 160 acres an allotment of that quantity to her, out of the tract, is void for want of jurisdiction.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Mrs. Elizabeth Clark, the widow of John Clark, deceased, against John James, to recover a tract of land containing eighty acres; and was commenced on the 17th November, 1888. The defendant requested the court to charge the jury that they must find for him, if they believed the evidence; and the refusal of this charge, with other rulings duly excepted to, is now assigned as error.

G. L. COMER, for appellant.

A. H. MERRILL, *contra.*

SOMERVILLE, J.—The action is in ejectment for the recovery of land. The plaintiff attempted to establish her

title by introducing certain proceedings of the Probate Court of Barbour county, purporting to set apart, by way of exemption to her, 160 acres of land as a homestead, under the provisions of sections 2562-2564, or the statute amendatory thereof.—Acts 1886-87, p. 112. This tract embraced the land in controversy.

The petition filed by the plaintiff in that proceeding shows that she was the surviving widow of one John Clark, a resident of this State, who died seized and possessed of a tract of land embracing as much as 240 acres, which he occupied as a homestead, and not exceeding in value the sum of one thousand dollars. Other jurisdictional allegations are made in the petition, which we need not mention, except to add that one of them was that there was no administration on the estate, and the decedent left no minor child or children.

Upon the strength of this petition, the Probate Court proceeded to appoint three commissioners to make and return to the court a complete inventory and appraisement of the real and personal property of the decedent, pursuant to the requirements of the statute.—Code, 1886, § 2562. And on the return of the commissioners' report, the order was made setting apart to the widow 160 acres, out of the 240 tract, as a homestead exempt from administration.

A single point is fatal to the plaintiff's recovery. The petition shows on its face that the Probate Court had no jurisdiction to make the order. It is only where the real property owned by the decedent at the time of his death *does not exceed in amount 160 acres*, in connection with the other conditions recited in the statute, that an order of this kind is authorized under the provisions of sections 2562 and the other sections following in the same chapter of the Code. The reason on which the statute is founded is, that in such cases there is no need for selection, such as is necessary under the conditions mentioned in section 2551, and no need of the expense of an administration. Nor is there, *prima facie* at least, any occasion for a contest on the part of creditors, heirs, devisees, or others interested in the estate subject to administration. This is perfectly plain from the context of the statute, and needs no elaboration beyond the mere statement of the proposition.—Code, 1886, §§ 2552-2565; §§ 2550-2552.

The petition to the Probate Court conferring on that tribunal no jurisdiction of the subject-matter, it follows that the entire proceedings under it were void, and conferred no title on the plaintiff.

[Glenn v. Lynn.]

The facts in evidence are not sufficiently definite to justify us in holding that the widow had the right to recover the land by reason of any supposed right of quarantine.—Code, 1886, § 1900, and cases cited. Nor does it seem that the case was tried or considered in the court below on any such idea.

The court erred in admitting in evidence the Probate Court proceedings, and in the refusal to give the general affirmative charge for the defendant. It would be futile to consider the other rulings.

Reversed and remanded.