# Thompson *v.* Thompson.

## *Contest of Exemptions allotted to Widow and Children.*

1. *Divorce on change of domicil by husband, on publication against wife as non-resident.*—Jurisdiction over the subject of divorce pertains to the courts of the domicil, and when the husband acquires a new domicil by removal to another State, while his wife refuses to accompany him, he may procure a divorce from her on the ground of abandonment, under the laws of his new domicil, and proceed by publication against her as a non-resident; but, if his removal to another State was made without the intention of remaining there, and only for the purpose of procuring a divorce, the decree would be void for fraud.

2. *Presumptions from lapse of time, in favor of decree of divorce.*—When property rights are asserted under a decree of divorce after the lapse of thirty years, and its validity is assailed, every reasonable presumption will be indulged in favor of the jurisdiction of the court and the regularity of its proceedings.

3. *Exemptions to widow and minor children.*—On the allotment of statutory exemptions to a widow and her minor children, if the record shows a substantial compliance with statutory provisions (Code, §§ 2548-52), the validity of the proceedings is not affected by the fact that the widow filed her claim and petition within twenty days after the grant of administration, nor by the fact that she mistook the sections of the Code under which she was entitled to proceed.

APPEAL from the Probate Court of Marion.

Heard before the Hon. WALTER H. MATTHEWS.

In the matter of the allotment of statutory exemptions, real and personal, to Mrs. Roanna Thompson, as the widow of Allen Thompson, deceased, and her two minor children, which was contested by Robert L. Thompson and others, the children of said Allen Thompson by a former wife, from whom he had obtained a decree of divorce in Arkansas. It was admitted that said Allen Thompson was married in Marion county, Alabama, in the year 1838, to Gracy Smith, and they lived together as husband and wife until some time in 1848-9,

when he went to Mississippi, and from there, about one year afterwards, to Arkansas, while his wife returned to her father's house in Marion county, Alabama; and it was admitted, also, that the contestants were their children, all born during the said period from 1838 to 1848–9. On the 21st November, 1851, during a regular term of the Circuit Court of Jackson county, Arkansas, sitting in equity, said Thompson obtained a decree of divorce from his wife, on the ground of abandonment; his bill having been filed on the 22d May, 1850, and publication made against the defendant as a non-resident. Thompson returned, within a year or two afterwards, to Marion county, Alabama, "and was there married, according to the forms of law, in 1852, 1853, to Roanna Wilkerson," who survived him, and who claimed the statutory exemptions as his widow. Soon after this marriage, Thompson was indicted in said county for polygamy, and the case was brought to this conrt by appeal; the material question being the validity of the Arkansas divorce, as shown by the report of the case.—28 Ala. 12--22.

Thompson died, intestate, on the 10th November, 1887, and letters of administration on his estate were granted on the 4th March, 1889, on the petition of Mrs. Roanna Thompson as his widow, to W. T. Bishop. The order appointing the administrator required him to take possession at once of all the personal property of the estate, "except the property by law reserved to the widow," and return an inventory thereof within sixty days; and also appointed three appraisers. On the 9th February, 1889, before the grant of administration, the widow had filed her petition, alleging that her husband had died seized and possessed, "among other real estate," of the north-east quarter of section 29, T. 11, R. 15, valued at $300, which he occupied as a homestead; and the petition then proceeded: "Your petitioner therefore selects for herself and said minor children the above described premises, as exempt from administration under section 2840 of the Code; and prays the court to appoint commissioners, under section 2841, to set apart and allot the above described premises to her and her said minor children, as by law required, and to make all such other orders and decrees as may be necessary in the premises."

On the 9th March, 1889, the appraisers returned an inventory of all the personal property of the estate, "except the personal property reserved to the widow," but fixed no value on the different articles; but it further appears that these same articles were set apart to the widow as exempt, being separately appraised at the aggregate value of $425.25, in addition to books, portraits, and wearing apparel; and on

the same day the widow filed her petition, claiming them as exempt, and praying " all necessary orders and decrees in the premises, as may be proper and necessary to set apart said property to her and her said minor children, as exempt from administration." The appraisers reported, also, the homestead occupied by the intestate at the time of his death exceeded one hundred and sixty acres in extent, and described it; and they were then appointed, by an order made on the 22d March, 1889, commissioners to set apart to the widow the homestead selected by her.

The commissioners made their report on the 4th April, 1889, confirming the selection of the widow, and appraising the value of the land selected at $300. On the 10th May, 1889, as appears from an order of that date, Robert L. Thompson and others, children of said Allen Thompson by his first wife, filed their application in writing, and under oath, praying for an " order and proceedings to set aside allotment of homestead in said petition described, . . . on the ground that said Roanna and her minor children, Alonzo W. and Henry W., are not legal heirs of said estate." The petition is not set out in the record. On the 12th August, 1889, when the hearing of the contest came on to be heard, as the bill of exceptions states, the contestants filed " additional objections and exceptions to the entire proceedings setting apart the exemptions claimed in this case, as follows : (1.) Letters of administration on the estate of said Allen Thompson were granted on the 4th March, 1889, and Mrs. Roanna Thompon filed her claim for exemptions within less than twenty days after said grant. (2.) The claim of exemption for personal property was not sworn to before any officer authorized to administrator such an oath. (3.) The petition for homestead says that said intestate died seized and possessed of other real estate than the quarter-section claimed, and does [not?] show that said quarter-section included all the homestead of the intestate at the time of his death ; and the appraisers had not returned their inventory showing that the area of homestead did exceed one hundred and sixty acres, so that she could file her petition and have a commission ; and contestants aver that the homestead includes more than one hundred and sixty acres. (4.) Because no commission was issued to the commissioners who set apart, or pretended to set apart, the exemptions here claimed." The court sustained a demurrer to these grounds of contest.

On the trial of the contest, the contestants attacking the validity of the Arkansas divorce, the facts of marriage, etc., were admitted as herein above set forth. Mrs. Roanna Thompson then read in evidence a certified copy of the Arkansas decree, and

38

[Thompson v. Thompson.]

the contestants, in reply, read in evidence a certified copy of the entire proceedings in the divorce suit. "Then," as the bill of exceptions recites, "by agreement and consent of both parties, contestants read the following evidence from 28th Ala. Rep. 14, 15, to-wit," setting out the facts which are there stated in the opinion of the court. In the opinion delivered by the court in that case, it is said that the decree of divorce was rendered on the 28th May, 1851; but both of the certified copies offered in evidence in this case show that it was rendered on the 21st November, 1851. The transcript is very defective, and there is great confusion in the dates. In the facts stated by the court in the case reported in 28 Ala., it is said that Allen Thompson, after his removal to Arkansas, "settled and cultivated a farm." The contestants introduced a witness who testified, "in substance, that after Allen Thompson had been tried for polygamy in said Circuit Court, and the case against him had been dismissed, he told witness that he never farmed any while he was in Arkansas, but just traded about, mostly in horses."

"On this evidence," as the bill of exceptions states, "the court overruled the objections of the contestants, and decreed the homestead and personal property to said Roanna Thompson and her minor children, as prayed in her petition; to which ruling and decree the contestants excepted." The decree is in the same words, but is followed by the specification of definite facts.

The sustaining of the demurrer to some of the grounds of contest, and the final decree, are assigned as error.

THOS. B. NESMITH, and WATTS & SON, for appellants.

W. H. KEY, contra.

COLEMAN, J.—The important question in this case is to determine whether Gracy Thompson or Roanna Thompson was the lawful wife of Allen Thompson at the time of his death. In the year 1838 Allen Thompson married Gracy Thompson, with whom he lived as his wife until some time in the year 1848, or 1849, during which time Robert L. Thompson and other contestants were born, and are their legitimate children. In 1852, or 1853, Allen Thompson, in Marion county, Alabama, married Roanna Thompson, "according to the forms of law," with whom he lived as such until his death, which occured in said county, Nov. 10th, 1887. "In the State of Arkansas, at the November term, in the Jackson County Court of said State, on the chancery

side, on the 21st day of November, 1851, of said term, a decree was rendered in favor of Allen Thompson against Gracy Thompson, divorcing him from the said Gracy Thompson, and restoring him to the rights of an unmarried man." The validity of this decree is assailed.

The entire record and proceedings of the court granting the divorce were read in evidence, and " then, by agreement and consent of both parties, contestants read the following evidence." Here follow the facts as stated by the court in the case of *Thompson v. State*, on pages 14 and 15, 28 Alabama Reports. We hold this agreement consents and admits the facts as there stated shall be considered as legal evidence in the present case, and are included in the words, "upon this evidence the court overruled the objections of contestants, and decreed the homestead and personal property to Roanna Thompson and her minor children."

Jurisdiction over the question of divorce must be allowed to the courts of the domicil, and if the husband acquires a new domicil, as a consequence, he must acquire the right of having his matrimonal *status* determined by the laws and judicial tribunals of his new domicil. The right of a court, when authorized by the statute of the State, to proceed against a non-resident defendant by publication, results necessarily from the existence of the jurisdiction, and a denial of the power to thus proceed would be fatal to the jurisdiction.— *Thompson v. State*, 28 Ala. 20. A divorce thus obtained, in the absence of fraud, or misconduct, is valid everywhere.— *Cheely v. Clayton*, 110 U. S. 701. If a party remove to another State with no *animus manendi*, and merely for the purpose of obtaining a divorce, and intended to remain no longer than was necessary to accomplish his purpose, such a divorce would be invalid in this State.—28 Ala., *supra*.

"The record of the divorce suit shows that the wife was a defendant; that she was proceeded against as a non-resident, by publication in a newspaper ; that the publication was duly made ; that plaintiff was a citizen of the State, and had been a resident of the State of Arkansas for one year next preceding the petition." It must be presumed that the foreign court had jurisdiction of the subject-matter, until the contrary appears.—2 Brick. Dig. 142, and authorities cited.

The decree of the court granting the divorce was rendered in Nov., 1851. Thompson married again not later than 1853, and had lived with his second wife Roanna, for thirty-four years at the time of his death. In the case of *Wilson v. Holt*, 83 Ala. 540, it was held : "Almost any reasonable presumption of fact will be conclusively indulged, in order to sustain

rights asserted under a decree which is twenty years old.   And reasons of public policy especially favor the application of this. principle to uphold the validity of marriages," citing a number of authorities to sustain the proposition.   In the same case, it was further declared, "Whatever force might otherwise be in the objection, that the record of the proceedings shows no service on the defendant, and other like objections, the presumption, after the lapse of twenty years, is in favor of every judicial tribunal acting within its jurisdiction, and that all parties concerned had due notice of its proceedings."   The court below correctly held Roanna Thompson to be the lawful wife of Allen Thompson at the time of his death.

The proceedings of the Probate Court show that letters of administration were issued ; the appointment of appraisers. with proper directions; the return of the inventory and appraisement of the personal property, and the report of the appraisers, and also the report and appraisement of the homestead of the decedent occupied by him at the time of his death, with a full description of the same, with its value, and that it exceeded in area one hundred and sixty acres.   The provisions of the law in regard to the setting apart of exemptions of personal property and a homestead for the widow and minor children were observed, and substantially followed.

This case is unlike those where proceedings are had under sections of the Code 2562 and 2563, to have exemptions set apart to the widow and minor children.   In such cases, if it appears the homestead exceeds one hundred and sixty acres,. the Probate Court has no jurisdiction to make the order appointing commissioners to appraise and set apart the exemption upon the application of the widow, no letters of administration on the estate having been issued.—*James v. Clark,* 89 Ala. 606.

The orders and proceedings of the court to have the homestead set apart to the widow and minor children, are none the less legal because the widow filed her petition in less time than twenty days after grant of administration, or because she mistook the sections of the Code under which she was entitled to proceed for exemptions.   The jurisdiction of the Probate Court was complete, without the aid of the objectionable petition of the widow.   The appointment of the administrator and appraisers, the report of the appraisers showing the real estate, including the homestead, of which decedent was seized at the time of his death, the subsequent petition of the widow to have the homestead set apart, the appointment of commissioners for this purpose, the allotment of the homestead, and report thereof by the commissioners, and the decree of the

[Joseph v. Seward.]

court confirming their report, all appear in the record, and are sufficiently regular. There was no error prejudicial to appellants.—Code, §§ 2548, 2549, 2550, 2551, 2556.

Affirmed.