## WELLS v. WELLS.
### 6 Div. 721.

Supreme Court of Alabama.
May 30, 1935.

Clark Williams, of Birmingham, for appellant.

Borden Burr, of Birmingham, for appellee.

FOSTER, Justice.

This is a bill in equity filed by appellee as the wife of appellant to enjoin him from prosecuting a suit for divorce. The bill shows that he had filed such a suit, notice of which was sent to and served on her in Birmingham. A temporary writ of injunction was issued, but not served on him before the court in Mexico acted on his suit, and granted him a divorce. But notice was sent to and received by that court, but no effect was given it. The writ could not prevent action by the foreign court, for it only operated on the person of defendant when served on him. Hall v. Milligan, 221 Ala. 233, 128 So. 438, 69 A. L. R. 618.

The bill was later amended so as to seek to have the decree of divorce declared to be void and of no effect. On final hearing the court granted relief as prayed for, and fixed an amount of alimony.

Appellant did not go to Mexico, except for the hearing of his suit. He testified that he was then on vacation from his work in Birmingham, and spent only five days there on that occasion, and that was the only time he was in Mexico; that he never lived there, but held a position with the same company in Anniston and Birmingham for thirteen years, and was still so employed; that he has been living in Alabama twenty years.

This shows that he was not a resident of Mexico when he filed his suit there for divorce, nor when it was granted; that he went there only for that purpose without any intention of residing there. There was no service on Mrs. Wells in Mexico. The service was constructive in respect to that jurisdiction. 50 Corpus Juris 542, § 213; Long v. Clark, 201 Ala. 454, 78 So. 832. No valid divorce can be granted on constructive service by a court of a state or nation, in which neither party is domiciled, unless there is a personal appearance. Bell v. Bell, 181 U. S. 175, 21 S. Ct. 551, 45 L. Ed. 804; Frazier v. Frazier, 61 App. D. C. 279, 61 F.(2d) 920; Reik v. Reik, 112 N. J. Eq. 234, 163 A. 907; Warren v. Warren, 127 Cal. App. 231, 15 P.(2d) 556; 19 Corpus Juris, p. 369, § 835; Friedenwald v. Friedenwald, 57 App. D. C. 13, 16 F. (2d) 509; Galloway v. Galloway, 116 Cal. App. 478, 2 P.(2d) 842.

The cases cited by appellant do not conflict with, but recognize, this principle. In many of them defendant appeared and did not contest the jurisdiction of the court. In others, the court held there was no evidence of a want of good faith in establishing the foreign residence.

By our own court it is said: "If a party remove to another state with no animus manendi, and merely for the purpose of obtaining a divorce, and intended to remain no longer than was necessary to accomplish his purpose, such a divorce would be invalid in this state." Thompson v. Thompson, 91 Ala. 591, 8 So. 419, 11 L. R. A. 443; Thompson v. State, 28 Ala. 12.

"The jurisdiction over questions of divorce must be maintained, where the party seeking the divorce is domiciled in the country, and the proceedings are consistent with the laws of the State in which the party has his domicile." Thompson v. State, supra, 28 Ala. 12, page 20.

We note that the proceedings in the Mexico court do not recite that Mr. Wells was a resident of that republic. But had it done so, since that recital is of a fact essential to the jurisdiction of that court, it may be contradicted in this suit to show that the decree there rendered was null and void. Bell v. Bell, supra; Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897; Ingram v. Ingram, 143 Ala. 129, 42 So. 24, 111 Am. St. Rep. 31; 19 Corpus Juris 376; Haas-Phillips Produce Co. v. Lee & Edwards, 205 Ala. 137, 87 So. 200; Crimm v. Crimm, 211 Ala. 13, 99 So. 301.

The court made an allowance of alimony of $275 a month for the wife and three children, who are receiving an expensive education. He has no income except a salary of $472.50 a month. They had been married twenty-five years. There is no hint of misconduct by the wife. Mr. Wells voluntarily abandoned her, and has married again since the Mexican divorce.

We have shown that such a marriage is illegal in Alabama, and should not be considered in lessening the amount to be used for the support and education of his lawful wife and their children. One daughter is off at a medical college, and by his consent is to receive $50 a month from Mr. Wells, which is included in the allowance made by the court. The son is at an expensive private school in the East. Mr. Wells should not have to pay his total expenses there of more than $1,000 a year, and it was not so ordered; but he should contribute to it; the amount included in the decree was doubtless so intended. Mrs. Wells has inherited an estate of approximately $10,000, not yet available.

For the present, at least, it does not appear that the amount awarded is excessive. The court has the power to make such changes as changed conditions might make equitable, all for its future consideration when its power to

do so is duly invoked. Ex parte Allan, 220 Ala. 482, 125 So. 612; Epps v. Epps, 218 Ala. 667, 120 So. 150; Bridges v. Bridges, 227 Ala. 144, 148 So. 816; Ex parte Allen, 221 Ala. 393, 128 So. 801.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.