179 So. 237

**FOX et al. v. FOX.**
**7 Div. 488.**

Supreme Court of Alabama.
Feb. 17, 1938.

Haralson & Crawford, of Fort Payne, for appellee.

GARDNER, Justice.

Complainant files this bill as the widow of J. M. Fox, deceased, to obtain her distributive share of the estate of said decedent, the administration of which is now pending in the probate court of DeKalb county, and which administration is sought to be removed into the equity court.

Decedent's property is located in DeKalb county, whre the defendant administrator and a number of the defendant heirs of J. M. Fox reside.

But the bill discloses defendants deny she is the widow of J. M. Fox, deceased, because of a divorce decree rendered in the circuit court, in equity, of Etowah county, on a bill filed by J. M. Fox against Cora Fox, this complainant. And, in order to remove this impediment to her right to distribution in the estate of said decedent, the bill seeks a cancellation of said divorce decree on the ground of fraud in its procurement.

That the averments in paragraphs 4, 5, and 6 of the bill make out a clear case of actual fraud in the procurement or concoction of the decree, both upon the court and upon the complainant, is not here questioned. De Soto Coal, Mining & Development Co. v. Hill, 188 Ala. 667, 65 So. 988; McDonald v. Pearson, 114 Ala. 630, 21 So. 534.

And these averments likewise acquit this complainant of any negligence on

C. A. Wolfes, of Fort Payne, for appellants.

340

her part in reference thereto (Leath v. Lister, 233 Ala. 595, 173 So. 59), or of any imputation of undue delay in assertion of her rights (Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820).

■ But defendants insist that, for the cancellation of the decree, complainant must proceed in the court in Etowah county, where the decree was rendered.

Upon that question the courts are divided. 15 R.C.L. 727; 34 Corpus Juris 484. This court, however, in its early history established the rule that the bill may be filed in the county where defendant resides, though that was not the county in which was rendered the judgment sought to be enjoined. And this appears to have been assumed by all parties as the still existing rule in Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820, where no question was raised touching the matter of venue. There the bill was filed in Jefferson county, and the decree of divorce sought to be canceled for fraud was rendered in the county of Barbour. But in that case, as in this, material defendants resided in Jefferson, and the estate in which complainant was claiming a distributive share was there located and being administered. All parties concerned, therefore, evidently concluded that the venue, under these circumstances, came well within the language of the statute (sections 6524, Code of 1923), as well as within the holding of Butler v. Butler, 11 Ala. 668.

We find nothing in the case of Wright v. Wright, 230 Ala. 35, 159 So. 220, cited by defendants, that in any manner militates against the conclusion here reached to the effect that the bill here is properly filed both as to the matter of substance and venue.

■ It is uncontroverted that a decree of divorce may be attacked for fraud after the death of the party procuring it where rights of property are concerned. Illustrative cases are to be found in notes, 30 A.L. R. 1474 et seq., and Wilkerson v. Wilkerson, supra, likewise presents an illustration.

The decree overruling the demurrer was properly rendered and will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.