194 So. 493

**JENKINS v. JENKINS.**

**3 Div. 304.**

Supreme Court of Alabama.

March 7, 1940.

Ball & Ball, of Montgomery, for appellant.

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

GARDNER, Justice.

Complainant is the wife of defendant, and previously (April 1938) had obtained a decree in the Montgomery Circuit Court, in Equity, awarding her permanent alimony, payable monthly, and the uninterrupted possession of the home. In this former litigation, defendant's cross-bill seeking a divorce was dismissed.

The present bill is not one seeking any modification of the above noted decree, as appears to be argued by defendant, but may be considered independently, and for the better protection of the rights secured thereby. Complainant here not only seeks a divorce from defendant, but also injunctive relief against alleged fraudulent conduct of defendant, which, if consummated, would tend to hinder and embarrass, if not destroy, some of her rights under the former decree, and result in an unwarranted disturbance of her marital rights.

From the bill's averments, it appears defendant is a bona fide resident of Montgomery County, Alabama, and is not a resident of Arkansas where he has filed a bill for divorce against her in fraud of her rights. The averment that defendant is not, and has never been a resident of Arkansas is a statement of fact, and not subject to the objection that it is a mere conclusion of the pleader. The bill makes out a case of attempted fraud in the procurement of a divorce decree, a fraud upon complainant as well as upon the Arkansas court. Fox v. Fox, 235 Ala. 338, 179 So. 237; Wells v. Wells, 230 Ala. 430, 161 So. 794.

The Wells case, supra, is here much in point, and fully sustains the equity of the present bill.

True, as argued by defendant, the husband had the right to change his residence and acquire rights by virtue of such a change (Thompson v. Thompson, 91 Ala. 591, 8 So. 419, 11 L.R.A. 443; Caheen v. Caheen, 233 Ala. 494, 172 So. 618), but he must act in good faith. "If a party remove to another state with no animus movendi, and merely for the purpose of obtaining a divorce, and intended to remain no longer than was necessary to accomplish his purpose, such a divorce would be invalid in this state." Thompson v. Thompson, supra.

This, in substance, is the charge made by the bill and the averments meet the requirements of our decisions. Wells v. Wells, supra; Fox v. Fox, supra. The bill has equity, and the demurrer thereto was properly overruled.

There is some argument addressed to that feature of the bill seeking to fasten a lien on defendant's real estate located here, and described in the bill, for the enforcement of her alimony rights, and to prevent any fraudulent disposition thereof. As framed, however, we think the demurrer must be considered as addressed to the whole bill (Maddox v. Hobbie, 228 Ala. 80, 152 So. 222), and so considered the sufficiency of this feature of the bill is not before us for determination.

The decree rendered is free from error, and is due to be affirmed. It is so ordered.

Affirmed.

THOMAS, BOULDIN, and FOSTER, JJ., concur.