13 So.2d 203

## MARTIN v. STATE.

### 7 Div. 683.

Court of Appeals of Alabama.

March 2, 1943.

Rehearing Denied March 16, 1943.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

Motley & Motley, of Gadsden, for appellant.

BRICKEN, Presiding Judge.

Appellant appeals from a conviction under Code 1940 (Sec. 47 of Title 14) for bigamous cohabitation.

The State showed, without contradiction, that appellant married Era Martin in Etowah County in 1921, and lived with her until January, 1941, when he left her. Since then he had been found living in Etowah County with another woman whom he held out to be his wife.

The only defense offered was to introduce in evidence a duly authenticated copy of a decree of a Tennessee Circuit Court dated May 10, 1941, divorcing appellant from said Era Martin. In rebuttal the State introduced a duly authenticated copy of a decree of the Tennessee Chancery Court dated January, 1942, which declared:

"That said decree of divorce was procured by the perpetration of a fraud on the Circuit Court of Hamilton County, Tennessee, in that the said Homer W. Martin in his petition made the allegation that 'he removed to Chattanooga in this County and State in February, 1937, or more than two years next preceding the filing of this bill, and has resided there continuously ever since that date,' and that said jurisdictional allegation in said petition was false and was made falsely and fraudulently, and the said Homer W. Martin had not resided in the State of Tennessee for two years prior to the filing of his divorce action.

"And that the defendant procured the decree of divorce above referred to by fraud, the Circuit Court of Hamilton County, Tennessee, not having jurisdiction of said cause; and that Era U. Martin, defendant, in said divorce action and complainant in this cause, had no knowledge of said action until after said fraudulent decree had been obtained.

"It is therefore ordered, adjudged and decreed by the Court that the decree of divorce in the case of Homer W. Martin vs. Era U. Martin, being No. 62564 in the Circuit Court of Hamilton County, Tennessee, be and it is hereby declared to be utterly null and void and of no effect, and the same is set aside and shall be for nothing."

Appellant insists this last mentioned decree was ineffective as to him for various reasons, among them: (1) That only the court rendering a decree can vacate the same. (2) A decree cannot be set aside by another court for the fraud alleged. (3) In a collateral proceeding the decree is valid. (4) The decree setting aside the divorce decree was rendered after the appellant was indicted.

We deem it unnecessary to consider the validity vel non of the decree of divorce (as to which see Thompson v. State, 28 Ala. 12; Thompson v. Thompson, 91 Ala. 591, 8 So. 419, 11 L.R.A. 443; Crimm v. Crimm, 211 Ala. 13, 99 So. 301; Wells v. Wells, 230 Ala. 430, 161 So. 794; Jenkins v. Jenkins, 239 Ala. 141, 194 So. 493).

It would seem sufficient to say the record contains no evidence as to the jurisdiction of either the Circuit Court or Chancery Court of Tennessee as to which testimony could have been received. Monarch Refrigerating Co. v. Faulk, 228 Ala. 554, 155 So. 74. And we, therefore, are not informed upon that subject, but in the absence of any proof as to jurisdiction we must give full faith and credit to the judicial decree under Article 4, Sec. 1, of the United States Constitution. By virtue thereof we must hold, in this state of the record, the Chancery Court decree is valid and giving full faith and credit thereto that appellant's divorce decree was rendered by a court "not having jurisdiction of the cause," and that the said divorce decree was "utterly null and void and of no effect."

The divorce decree having been so null and void was of necessity null and void from the date of its rendition and not from the date of the decree so adjudging, which last named decree was rendered subsequent to the indictment in this case. Its invalidity as adjudged was from its date rather than from the date of the Chancery Court decree.

The court admitted in evidence an authenticated copy of an application for a marriage license and certificate of marriage to the woman with whom appellant was living. Appellant objected, not to the application for license, but the certificate of marriage on the ground that it was not properly certified and that it was immaterial, irrelevant and incompetent and is not a part of the record of any court of record, but is a simple certificate from the Justice of the Peace.

It is shown by the authenticated certificate that the parties were united in marriage by a J. P.; at least he so certifies, but the certificate as to the authenticity of the record is not that of the J. P. but the Ordinary of Dade County, Georgia, and is in due form. Furthermore, no formal or ceremonial marriage was necessary in view of the testimony, without contradiction, that the appellant was holding this woman out as his wife and was living with her in the same house.

In our view, the crime charged may be committed by one who enters into a common law marriage, as well as by one who enters into a ceremonial marriage.

It was entirely within the discretion of the trial court to adjourn court until the next day to permit the State to secure additional testimony.

No possible injury resulted to appellant from the testimony of W. G. Rains as to Exhibit 3, which upon appellant's objection, was not admitted in evidence. The testimony of the witness that he was in court when the decree was granted was harmless since the decree itself was not introduced in evidence.

In the argument to the jury one of the State attorneys said: "And he went up there to Tennessee and swore that he had been a resident of the State of Tennessee for two years before that." Appellant objected, "on the ground that there was no proof here that he went up there and committed perjury." The objection was inapt since the argument did not necessarily imply perjury. There is nothing in this record to show what cause or proceeding the testimony referred to was given

in, nor that such testimony was material to such cause, nor that the testimony was wilfully and corruptly false, and these are the essential ingredients of perjury. Code 1940, Title 14, Section 375.

If it be conceded that the argument was improper, (which we refrain from discussing one way or the other) the objection, upon the limited ground made, is not well taken.

■ Appellant asked four written charges, neither of which is numbered, if that is important, but the view obtains here that the charge copied first in the transcript is involved, and, moreover, would require an acquittal unless appellant's second marriage was in another State, when, as we understand the law, a second marriage even of the common law type made in the State would be sufficient.

■ The defendant was not entitled to the affirmative charge.

■ This disposes of all of the refused charges except one, which is as follows: "I charge you gentlemen of the jury, if you believe from the evidence in this case beyond a reasonable doubt that the defendant cohabited with Maude Sherbert, alias Maude Jackson, as man and wife in Etowah County it is your duty to convict him."

The transcript shows the above quoted charge was refused to appellant, and yet we are inclined to the view it was a charge refused to the State. But certainly appellant is in no position to complain at the refusal thereof even if the charge was requested by him.

Affirmed.