16 So.2d 15

## WILKES v. WILKES.

### 4 Div. 290.

Supreme Court of Alabama.

Dec. 16, 1943.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

John W. Rish, of Dothan, for appellee.

BOULDIN, Justice.

Every state has the sovereign power to regulate and define by law the marital status of its citizens; and the courts of each state have jurisdiction to grant decrees of divorce in favor of spouse there domiciled against the spouse domiciled in another state, upon constructive service, followed by averment and proof pursuant to the laws of the forum, providing due process of law. Such a decree of divorce is valid in all the states under the full faith and credit clause of the Constitution of the United States.

But where husband and wife are both domiciled in Alabama and the husband "remove[s] to another state with no animus movendi, and merely for the purpose of obtaining a divorce, and intending to remain no longer than was necessary to accomplish his purpose, such a divorce would be invalid in this state." Jenkins v. Jenkins, 239 Ala. 141, 194 So. 493, 494.

The courts of a state can have no jurisdiction over the marital status of persons, neither of whom is domiciled there. A simulated or concocted case based on false allegations and proof, although regular on the face of the proceedings, is a fraud on the court granting the divorce, as well as the adverse party having no actual notice and consequent opportunity to defend. Such a decree has no extraterritorial effect and is subject to challenge in the domicile of both parties in a direct proceeding inter partes. These principles have been the declared law of Alabama since the well-reasoned opinion in Thompson v. State, 28 Ala. 12. See Thompson v. Thompson, 91 Ala. 591, 8 So. 419, 11 L.R.A. 443; Jenkins v. Jenkins, 239 Ala. 141, 194 So. 493; Fox v. Fox, 235 Ala. 338, 179 So. 237; Wells v. Wells, 230 Ala. 430, 161 So. 794.

In the instant case averments and proof supported the finding of the trial court to the effect that the appellant, husband, acquired no bona fide domicile in the State of Florida and the decree of divorce obtained by him in Florida was subject to be decreed invalid in the State of Alabama, both husband and wife having all the while been domiciled in Alabama.

Appellant, indeed both parties, rely upon the recent case of Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L. Ed. 279, 143 A.L.R. 1273. The exact holding in that case is well stated in headnote

2, in these words: "The full faith and credit clause of the Federal Constitution requires the extraterritorial recognition of the validity of a divorce decree obtained in accordance with the requirements of procedural due process in a state by a spouse who under the law of such state had acquired a bona fide domicil there, although the spouse who remained in the state of the original matrimonial domicil did not appear in the divorce suit and was not served with process in the state in which the divorce was granted."

The question here involved, treated in Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804, was held not involved in the Williams case. That case overruled Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1, holding that where husband and wife were domiciled in one state, and the husband left the wife, acquired in good faith a domicile in another state, and then obtained a divorce on constructive service only, such decree should be given only such effect in the state of original domicile as the laws and public policy of the latter state should accord thereto. The strong language of the majority opinion in the Williams case to the effect that under the full faith and credit clause judgments and decrees should have the same force and effect in all the states as in the state where pronounced must be viewed in the light of the question being treated. We are not persuaded that the Williams case overturns the rule in Alabama or can be made to support a decree of divorce procured by fictitious averment and proof of jurisdictional facts, often declared a fraud on the court pronouncing the decree. The dignity and sanctity of judicial proceedings may, perhaps, be the better preserved by keeping open the way to prevent the use of the courts as the unwitting instruments of fraud. And is not the proper forum to test such question that forum in which the parties can be personally served and the issues litigated inter partes?

██ An allowance of $60 per month for the maintenance of the wife and two little girls, issue of the marriage, the husband having a regular salary of $160 per month, was by no means excessive. An attorney's fee of $100 to be paid by the husband to counsel for the wife was quite reasonable and modest for the services disclosed by the record before us.

The decree of the court below is due to be and is in all things affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.