31 So.2d 314

**Ex parte JONES.**

**JONES v. JONES.**

**6 Div. 594.**

Supreme Court of Alabama.

June 30, 1947.

See, also Jones v. Jones, ante, p. 374, 31 So.2d 81.

Taylor, Higgins, Koenig & Windham, of Birmingham, for petitioner.

Ben F. Ray, of Birmingham, for appellee.

LIVINGSTON, Justice.

In this cause our former decision dismissed the appeal and denied the writ of mandamus for reasons therein stated.

Subsequent to the foregoing, the writ of certiorari was issued out of this Court directing the lower court to transmit to us the record and proceedings in this cause for review in accordance with the law made and provided in such cases. We now review the case on the merits.

The action was instituted by the verified complaint or petition of Vona Barton Jones. In substance, she alleged that she is the lawful wife of Robert Jones, and that on May 23, 1942, in the case of Vona Barton Jones, complainant, versus Robert Jones, respondent, numbered 52936 in the Circuit Court, in Equity, of Jefferson County, a final decree for separate maintenance was entered by Hon. George Lewis Bailes, Judge of said court, in which respondent was ordered to pay complainant the sum of thirty dollars per month for her support and maintenance; that respondent paid said monthly sum as required by said decree until, to wit, November 1945, at which time he failed and refused to pay complainant any amount for support and maintenance, contrary to the terms of said decree of May 23, 1942. She prayed for a rule nisi requiring respondent to come before the court and show cause why he should not be adjudged in contempt for failure to comply with the terms of said decree.

Respondent's answer admits that the Circuit Court, in Equity, of Jefferson County, made and entered a decree on May 23, 1942, providing for the separate maintenance of complainant; but he further alleged in substance that the complainant is not now the lawful wife of respondent; that on, to wit, April 30, 1945, the Pulaski Chancery Court of the state of Arkansas, made and entered a decree in which the following appears: "The court, being well and sufficiently advised as to all matters of fact and law arising herein and the premises being fully seen, doth order, adjudge and decree that the bonds of matrimony subsisting between the plaintiff Robert Jones and the defendant, Vona Jones, be, and the same are hereby annulled, set aside and shall be forever held for naught." In said answer respondent further alleged in substance that after he instituted suit for a divorce in the Pulaski Chancery Court, in the state of Arkansas, said case being styled and numbered in said court, Robert Jones versus Vona Jones, number 72621, the respondent in said cause, Vona Jones, and who is the complainant in the instant cause, employed Lee Cazort, Esq., a practicing and duly licensed attorney of the Little Rock, Arkansas, bar to represent her in said cause in the Pulaski Chancery Court, and that her said attorney on the trial of said cause appeared for and on behalf of said Vona Jones, with authority from her to represent her therein, and cross-examined the witnesses examined by Robert Jones, complainant in said cause, and the respondent in the instant case, and represented her generally as her attorney in said Pulaski Chancery Court; that on account of the matters and things alleged in his answer he should not be adjudged in contempt of court.

If in fact they are not actually admitted, the testimony introduced in the court below in the instant case clearly proved the allegations of both the complaint and the answer.

In rebuttal, complainant introduced testimony strongly tending to prove that respondent, Robert Jones, was never domiciled in the state of Arkansas. That he went to that state for the sole purpose of securing

a divorce, and remained only so long as required by the Arkansas statute to accomplish that purpose. That respondent re-turned to Alabama immediately after the rendition of the divorce decree, and to the same job he held before he went to Arkansas, and which job he never gave up, but from which he secured a leave of absence for ninety days when he went to Arkansas. But we think the rebuttal evidence tends only to prove facts which are immaterial here.

The wife's appearance in the Arkansas court was general rather than special, though we are not to be understood as saying that the result would have been different upon a special appearance. This subject has so many ramifications that prudence dictates restriction to the facts and circumstances of the instant cause.

We are cited to no case, nor has our search revealed one in which the specific question here presented has been decided in this jurisdiction. May this Court inquire into the validity of a divorce decree rendered in another state and in which case the respondent entered a general appearance, and actually and actively contested the same? Judicial power to grant a divorce is founded on domicile.

In Thompson v. Thompson, 91 Ala. 591, 8 So. 419, 11 L.R.A. 443, it was said: "If a party remove to another state with no animus manendi, and merely for the purpose of obtaining a divorce, and intended to remain no longer than was necessary to accomplish his purpose, such a divorce would be invalid in this state." The foregoing statement and others similar and to like effect are found in our later cases. See, Wells v. Wells, 230 Ala. 430, 161 So. 794; Jenkins v. Jenkins, 239 Ala. 141, 194 So. 493; Wilkes v. Wilkes, 245 Ala. 54, 16 So.2d 15. But these cases are to be distinguished from the instant case. In neither of them did the party respondent, in the suit in the foreign jurisdiction, enter any sort of an appearance.

Both in its factual and legal aspects this case is strikingly like the case of Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 8, 83 L.Ed. 26, 118 A.L.R. 1518. It was there said,

"Considered in its entirety, the record shows that she (defendant wife) submitted herself to the jurisdiction of the Virginia court and is bound (in the District of Columbia courts) by its determination that it had jurisdiction of the subject matter and of the parties."

We are not concerned here with the situation presented where there is either no appearance by the defendant in the foreign jurisdiction, or the appearance was fraudulently entered, or the case was instituted in the court of a foreign state through collusion of the respective parties, in which event neither party could have a right under a decree fraudulently obtained.

Here the matter is res adjudicata between the parties, and under the full faith and credit clause of the Federal Constitution, Article 4, section 1, must be respected in this State. Davis v. Davis, 305 U.S. 32, 41, 59 S.Ct. 3, 83 L.Ed. 26, 30, 118 A.L.R. 1518; Keller v. Keller, 352 Mo. 877, 179 S.W.2d 728; Pratt v. Miedema, 311 Mich. 64, 18 N.W.2d 279; Finan v. Finan, Sup., 47 N.Y.S.2d 429; Glaser v. Glaser, 276 N.Y. 296, 12 N.E.2d 305; Standish v. Standish, 179 Misc. 564, 40 N.Y.S.2d 538; Stone v. Stone, Dom.Rel.Ct.N.Y., 44 N.Y.S.2d 558. Nor do we find anything in the case of Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366, which militates against the conclusion here reached.

It has long since been determined here that a decree of divorce a vinculo puts an end to the relation of marriage as effectually as would result from the death of either party, and as a consequence all duties and obligations necessarily dependent upon the continuance of that relationship immediately cease. Downey v. Downey, 98 Ala. 373, 13 So. 412, 21 L.R.A. 677; Jones v. Jones, 95 Ala. 443, 11 So. 11. 18 L.R.A. 95; Harrison v. Harrison, 20 Ala. 629, 5 Am.Dec. 227; Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198.

The decree adjudging appellant in contempt of court was erroneous, and must be reversed.

Reversed and rendered.

All the justices concur.