36 So.2d 236

**JENNINGS v. JENNINGS.**

8 Div. 380.

Supreme Court of Alabama.

March 4, 1948.

As Modified on Denial of Rehearing
June 30, 1948.

Scruggs & Glass, of Guntersville, for appellee.

Wm C. Rayburn, of Guntersville, for appellant.

STAKELY, Justice.

This case involves the power of the legislature to authorize a decree of divorce in this state when the parties are personally before the court, but reside in another state. Doris Tate Jennings (appellant) filed her bill of complaint in the Circuit Court of Marshall County, Alabama, in equity, for a divorce from John Wesley Jennings (appellee) on the ground that he had become addicted to habitual drunkenness since marriage. The averments of the bill show that she resides in South Carolina. The allegations of the bill show that he also

resides in South Carolina. At the time the bill was filed the respondent filed an answer admitting the allegations of the bill, except the charge of habitual drunkenness which he denies, and submitted himself to the jurisdiction of the court. Without hearing the case on the merits the court dismissed the bill on the theory that the court had no jurisdiction. This appeal is from that decree.

The right to file the bill for divorce in Alabama is predicated on an amendment to § 29, Title 34, Code of 1940, adopted by the legislature and approved July 6, 1945. General Acts 1945, p. 691. So that the matter may be understandable we set out the original section of the code and the amendment thereof.

"Section 29. When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved." Code 1940, Tit. 34, § 29.

"Section 1. That Section 29, Title 34, of the 1940 Code of Alabama, be amended to read as follows: When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this State for one year next before the filing of the/bill, which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect when the Court has jurisdiction of both parties to the cause of action." Approved July 6, 1945. Acts of Alabama, 1945, p. 691.

In effect so far as applicable to the facts in this case, the statute provides that when the defendant is a nonresident of this state, the complainant need not be a resident of this state when the court has jurisdiction of both parties. This brings us at once to the controlling question in the case. Has the court by virtue of the statute the power to render a decree of divorce when not only the respondent, but also the complainant resides in another state? We do not think so.

Jurisdiction, which is the judicial power to grant a divorce, is founded on domicile under our system of law. William

v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804; Andrews v. Andrews, 188 U.S. 14, 23 S.Ct. 237, 47 L.Ed. 366; Sherrer v. Sherrer, 68 S.Ct. 1087, 1097; Wilkes v. Wilkes, 245 Ala. 54, 16 So.2d 15. See also The Alabama Lawyer, Volume eight, p. 37. This is true because domicile in the state gives the court jurisdiction of the marital status or the res which the court must have before it in order to act. Nelson on Divorce and Annulment, Vol. 2, p. 632; Schouler Divorce Manual p. 21; Kennan on Residence and Domicile p. 450; Keezer on Marriage and Divorce p. 73 et seq.; 27 C.J.S. Divorce, § 71, p. 633. The domicile of one spouse, however, within the state gives power to that state to dissolve the marriage. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; neither party here is a resident of Alabama. Jurisdiction of the res is essential because the object of a divorce action is to sever the bonds of matrimony, and unless the marital status is before the court, the court cannot act on that status. Authorities supra. Furthermore it is recognized that unless one of the parties has a residence or domicile within the state, the parties cannot even by consent confer jurisdiction on the courts of that state to grant a divorce. 17 Am.Jur. p. 273.

"* * * The principle dominating the subject is that the marriage relation is so interwoven with public policy that the consent of the parties is impotent to dissolve it contrary to the law of the domicil. * * *" Andrews v. Andrews, supra [188 U.S. 14, 23 S.Ct. 244].

But while the foregoing may be conceded as general statements, it may be asked if domicile is necessary in the face of a statute dispensing with such a requirement? We do not have a situation where the decree rendered in one state is questioned in another state. We simply have a case where the parties want a decree in this state under the statute. It may be argued that what its effect will be in another state is not before us. Before enactment of the statute we said in Wilkes v. Wilkes, 245 Ala. 54, 16 So.2d 15, 16, that "The courts

of a state can have no jurisdiction over the marital status of persons, neither of whom is domiciled there" and in Harrison and Saunders v. Harrison, 20 Ala. 629, 644, 56 Am.Dec. 227, we said:

"Now, it is most unquestionably true, that no independent State could for a moment tolerate any interference on the part of a foreign tribunal with this, the most sacred and important of all the domestic relations which obtain among its citizens. It is a relation, the intermeddling with which involves consequences most usually reaching far beyond the immediate parties to it, as it lies at the very basis of civilized society, and becomes so interwoven with its very framework, as to render it the peculiar object of exclusive control, by the laws and tribunals where it exists. So that, had the State of South Carolina attempted to annul the marriage, it is very clear the subject-matter, the marriage relation, being without the jurisdiction of that court, its sentence would have been utterly void, and no consent could have given it jurisdiction; for the rule is too well settled to admit of any doubt, that consent in such case cannot confer jurisdiction. * * *" See also Thompson v. State, 28 Ala. 12.

While we appreciate the need for comity between the states and feel that a state can have no legitimate concern with the matrimonial status of two persons who do not reside within its territory, why cannot the legislature make the enactment in which we are here concerned? To this we say that the legislature of a state cannot confer on the courts of that state a power which is not within the power of the state to confer on the legislature. 19 C.J. p. 26, 27 C.J.S., Divorce, § 71. In The People v. Dawell, 25 Mich. 247, 12 Am.Rep. 260, 273, the court aptly said:

" * * * Will it be seriously claimed that any State might enact a law that citizens of other States might be divorced at pleasure in its courts, by simply applying in person for the decree? Would not every other State be likely to protest, with emphasis and indignation, that any such law was an invasion of their sovereignty, and an attempt, by indirect methods, to control the domestic relations of their citizens? But if such a law could not be valid, how can it

be truly said, that a court, whose authority cannot possibly be broader than that of the State which created it, had 'jurisdiction of the parties by the voluntary appearance of the defendant,' when such voluntary appearance could no more bring the subject-matter of the suit within the jurisdiction of the court than in ejectment it could bring the land from a distant state, and enable the court to pass upon the right to its possession. * * *"

An act to be valid must be within the legislative jurisdiction of the enacting state. 59 C.J. p. 21; Foster v. Glazener, 27 Ala. 391. Here the statute seeks to act on a status which is beyond the boundaries of the state. That it cannot do.

The court acted correctly in dismissing the bill of complaint in this case. It had the right to do this of its own motion because of lack of jurisdiction. Woolf v. McGaugh, 175 Ala. 299, 57 So. 754.

Affirmed.

All the Justices concur.

Opinion modified. Application for rehearing overruled.

All the Justices concur.