69 So.2d 727

### HAMPTON v. STATE.

### 6 Div. 778.

Court of Appeals of Alabama.

Dec. 22, 1953.

Rehearing Denied Jan. 12, 1954.

R. G. Kelton, Oneonta, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This appeal is from a judgment of conviction for the offense of bigamy.

The appellant was divorced from Elouise Walker Hampton by a decree dated August 22, 1952. The decree stipulated that neither party should again marry, except to each other, until sixty days after the date thereof.

On August 23, 1952, the accused married Barbara Ann Burrell. The latter had been previously married to Marvin Lee Smith. This union was dissolved by a divorce decree dated August 4, 1952. The decree contained the usual sixty day impediment clause.

After the marriage of the appellant and Barbara Ann, the couple lived together as man and wife in the city of Birmingham, Alabama.

According to the State's evidence this relationship continued uninterruptedly until November 4, 1952. The defendant claimed and testified that he left Barbara Ann on September 1, 1952. In this aspect we find the only material conflict in the evidence.

There is no proof that this marriage was ever dissolved.

On December 7, 1952, the appellant married Nannie Mae Wilson. They resided as man and wife in Blount County, Alabama. This residence and relationship continued from the date of marriage until the defendant was arrested. It is this latter marriage which forms the basis of this prosecution.

We have not been favored with a brief from appellant's counsel, but our careful study of the record convinces us that the question of prime concern relates to the effectiveness and applicability of the cohabitation of the defendant and Barbara Ann in the city of Birmingham.

By the terms of the divorce decrees referred to hereinabove the marriage on August 23, 1952 was prohibited.

The Assistant Attorney General urges in brief that there was a common-law marriage established after the expiration of the sixty-day prohibition period, and this relationship continued until November 4, 1952.

The evidence in this aspect was in conflict and clearly a jury question was presented on this factual issue.

The offense of bigamy may be predicated on a common-law marriage. Fuquay v. State, 217 Ala. 4, 114 So. 898; Martin v. State, 31 Ala.App. 86, 13 So.2d 203.

In the case of Smith v. Smith, 247 Ala. 213, 23 So.2d 605, the court held in effect that if parties in good faith marry at a time a legal impediment exists to their marriage, but subsequently the obstacle is removed, their continuous cohabitation thereafter raises a presumption of a common-law marriage.

See also, Hill v. Lindsey, 223 Ala. 550, 137 So. 395; Prince v. Edwards, 175 Ala. 532, 57 So. 714.

Taking the evidence in its most favorable light for the prosecution and applying the holding of the authorities supra, the jury was authorized to find that a common-law marriage existed between the accused and Barbara Ann.

The court therefore was not in error in overruling appellant's motion to exclude the evidence nor in refusing the general affirmative charge in his behalf. This is decisive of this appeal.

The judgment below is ordered affirmed.

Affirmed.