Charles A. Loreto, J.
Motion to dismiss the complaint for legal insufficiency (Bules Civ. Prac., rule 106, subd. 4), and on the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits (rule 107, subd. 4). Defendant also asks that certain portions of the pleading be stricken as indefinite and uncertain (rule 102, subd. 1) and sham and frivolous (rule 103), and that the court decline to pronounce a declaratory judgment (rule 212).
Plaintiff seeks a declaratory judgment that defendant is her husband and that the Alabama divorce is invalid for lack of jurisdiction. On a prior motion by defendant seeking a dismissal of the complaint on substantially the same grounds, the court (Mr. Justice Markbwich) upheld the sufficiency of the complaint. Thereafter on a motion for reargument and reconsideration the court dismissed the complaint, with leave to replead, on the limited ground that the ‘ ‘ pleading as it now stands is expressed disjunctively ”.
The amended complaint now pleads that defendant, while a resident and domiciliary of New York, went to Alabama and obtained an invalid decree of divorce in an action in which plaintiff did not appear £ £ personally ’ Plaintiff further alleges that neither party was ever a resident of Alabama. Annexed to the complaint is a photo static copy of the divorce decree which in part states that the ‘ ‘ parties being represented by their solicitors of record * * * the Court has jurisdiction of the parties and of the cause of action ”.
In their brief, the defendants’ attorneys contend that the plaintiff cannot invoke the jurisdiction of this court and repudiate the decree of the Alabama court since it appears from the face of the decree that she was represented by an attorney. They further urge that full faith and credit must be accorded the Alabama decree and plaintiff may not be permitted to collaterally attack the decree, citing Johnson v. Muelberger (340 U. S. 581). Also, they cite Krause v. Krause (282 N. Y. 355, 357, 358, 359) for the proposition that “In general, a person who invokes the jurisdiction of a court will not be heard to repudiate the judgment which that court entered upon his seeking and in his favor. ’ ’
However, in Williams v. North Carolina (325 U. S. 226, 229-232) Mr. Justice Frankfurter, wrote:
“ ' It is too late now to deny the right collaterally to impeach a decree of divorce made in another State, by proof that the court had no jurisdiction, even when the record purports to show jurisdiction * * * ’ * * *
*511 “ The State of domiciliary origin should not be bound by an unfounded, even if not collusive, recital in the record of a court of another State. As to the truth or existence of a fact, like that of domicil, upon which depends the power to exert judicial authority, a State not a party to the exertion of such judicial authority in another State but seriously effected by it has a right, when asserting its own unquestioned authority, to ascertain the truth or existence of that crucial fact. * * *
“ * * * ‘ the full faith and credit due to the proceedings of the New Jersey court do not require that the courts of New York shall be bound by its adjudication on the question of domicil. On the contrary, it is open to the courts of any State in the trial of a collateral issue to determine upon the evidence produced the true domicil * * * ’. * * *
“ In short, the decree of divorce is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded, and domicil is a jurisdictional fact.”
Furthermore, plaintiff’s attorney presents a decision of the Alabama court holding that the parties may not confer to it jurisdiction in a divorce suit when the parties are not domiciled in that State. Thus, in Jennings v. Jennings (251 Ala. 73, 74-75) the Alabama court stated: ‘ ‘ Furthermore it is recognized that unless one of the parties has a residence or domicile within the state, the parties cannot even by consent confer jurisdiction on the courts of that state to grant a divorce. * * * ‘ The courts of a state can have no jurisdiction over the marital status of persons, neither of whom is domiciled there ’ ”.
Hence, since the plaintiff seeks a declaratory judgment, the court concludes that the complaint tenders a justiciable issue, i.e., whether the parties were properly domiciled in Alabama and by proper appearance in the divorce action, gave the Alabama court jurisdiction over the marital res.
There is no merit to the branch of defendants’ motion that seeks to strike parts of the pleading as indefinite and uncertain (rule 102, subd. 1) and sham and frivolous (rule 103).
The complaint is sufficient and the issues raised may only be resolved upon a trial. Accordingly, the motion is denied in all respects.