183 So.2d 782

**Pauline Arky LUTSKY**

**v.**

**C. Israel LUTSKY.**

**6 Div. 61.**

Supreme Court of Alabama.

March 3, 1966.

Volz, Capouano & Wampold, Montgomery, for appellant.

Fite & Thomas, Hamilton, for appellee.

PER CURIAM.

Appellant sought by appropriate petition and pleadings, filed in the Superior Court of Marion County, in Equity, to set aside a decree of divorce a vinculo granted to her husband, appellee, in said court. From a final decree denying relief, Mrs. Lutsky here appeals.

Appellant asserts that the trial court committed manifest error in denying the relief she prayed for in said bill of complaint to vacate said decree of divorce.

We are convinced from the evidence, which we have carefully examined, that neither the appellee nor appellant was a resident citizen of or domiciled in the State of Alabama when the petition for divorce was filed or when it was granted. We held in Jennings v. Jennings, 251 Ala. 73, 74, 36 So.2d 236, 237, 3 A.L.R.2d 662, as follows:

"Jurisdiction, which is the judicial power to grant a divorce, is founded on domicile under our system of law. William v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804; Andrews v. Andrews, 188 U.S. 14, 23 S. Ct. 237, 47 L.Ed. 366; Sherrer v. Sherrer, 68 S.Ct. 1087, 1097; Wilkes v. Wilkes, 245 Ala. 54, 16 So.2d 15. See also The Alabama Lawyer, Volume eight, p. 37. This is true because domicile in the state gives the court jurisdiction of the marital status or the res which the court must have before it in order to act. Nelson on Divorce and Annulment, Vol. 2, p. 632; Schouler Divorce Manual p. 21; Kennan on Residence and Domicile p. 450; Keezer on Marriage and Divorce p. 73 et seq.; 27 C.J.S. Divorce, § 71, p. 633. The domicile of one spouse, however, within the state gives power to that state to dissolve the marriage. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; neither party here is a resident of Alabama. Jurisdiction of the res is essential because the object of a divorce action is to sever the bonds of matrimony, and unless the marital status is before the court, the court cannot act on that status. Authorities supra. Furthermore it is recognized that unless one of the parties has a residence or domicile within the state, the parties cannot even by consent confer jurisdiction on the courts of that state to grant a divorce. 17 Am.Jur. p. 273."

But we are not inclined to disturb the decree of divorce of the trial court for want of jurisdiction. Mrs. Lutsky is not entitled to have the decree of divorce declared null and void and of no effect. We think the trial court in the instant case was correct in denying this relief.

It appears from the bill in the instant case that respondent in the original suit for divorce filed in Marion County purportedly filed an answer and waiver supposedly

signed by her which she avers she never executed. In that proceeding she was represented by counsel, which representation "she here and now avers she never authorized." Respondent in his answer to the complaint in the instant case admits there was an answer and waiver signed by complainant.

The answer introduced in evidence purports to have been signed by appellant in the presence of Mitchell Salem Fisher and Abraham Shapshelowitz, both attorneys, and representing Mrs. Lutsky in her marital difficulties with her husband. One Henry Heller (of Montgomery, Alabama) signs as Mrs. Lutsky's solicitor of record. The answer admits the allegations of the divorce complaint as to age, residence in Alabama of Mr. Lutsky, and marriage.

The complaint for divorce avers that complainant and respondent were married on December 21, 1958; that both are over the age of twenty-one years; that complainant (appellee here) is a bona fide resident of Alabama; that respondent (appellant) and complainant (appellee) entered into a separation agreement which is dated February 1, 1960.

According to the testimony of Mr. Fisher, a New York attorney who was employed by Mrs. Lutsky to represent her in her marital differences with her husband, Mrs. Lutsky signed in person an answer to the complaint for divorce filed by Mr. Lutsky in Alabama, and here under attack. Mr. Fisher further testified that he fully informed Mrs. Lutsky of the divorce proceedings in Alabama.

It further appears from the evidence that Mr. Lutsky paid Mrs. Lutsky under the separation agreement, in contemplation of an Alabama divorce, the sum of $10,000 in a lump sum, with a written agreement to pay her $150 per month, beginning February 1, 1960, for a period of twenty-eight months, and on the twenty-ninth month the further sum of $190. It also appears that some of her accounts

payable were paid by the husband. There were certain other considerations not necessary here to mention.

We are convinced from the evidence that the divorce in Alabama was a prearranged affair between appellant and appellee, or at least it was contemplated by both parties, and that appellant received the above money pursuant to a separation agreement in contemplation of such divorce; that appellant knew at the time she signed her answer to the bill of complaint for an Alabama divorce that her husband was not a resident citizen of Alabama nor domiciled in said state; also that soon after the divorce decree was rendered in Alabama on February 22, 1960, her attorney, Mr. Fisher, delivered her a copy of this divorce decree.

Mrs. Lutsky filed her bill in the case at bar on January 22, 1962. Payment of the final installment under the separation agreement was made on June 1, 1962. Appellant waited until only a few feathers remained in the goose she was plucking under the separation agreement to initiate the present proceedings, to the end that she could get her fingers into a new crop of feathers. Levine v. Levine, 262 Ala. 491, 80 So.2d 235. No offer was made to return the plucked feathers.

■■ Having been apprised of the divorce soon after it was granted, knowing at the time she filed her answer that her husband was not domiciled in Alabama, we do not think appellant acted with due diligence to vacate the divorce decree. It is a familiar principle, aside from statutes of limitation, that courts of equity will discourage laches and delay in enforcement of rights; that is to say, nothing can call forth the court of chancery into activity but conscience, good faith and reasonable diligence. Meeks v. Miller, 214 Ala. 684, 108 So. 864. We do not think that appellant was actuated by conscience, good faith or reasonable diligence in the instant case. The trial court was free from error in denying relief.

188

We also think there is no merit in either Assignment of Error 3 or 4, both of which complain that the trial court erred in not sustaining appellant's motion to suppress the interrogatories of appellee which were propounded to Edward H. Frieberger and Mitchell Salem Fisher, and in admitting their testimony, because they had been given a copy of the transcribed testimony of appellant and appellee (in the instant case) prior to the taking of their answers to interrogatories. The contention is that these witnesses had the advantage of having read the testimony of appellant and appellee, which was tantamount to permitting them to remain in the court room after the rule to exclude witnesses had been invoked. Both of these witnesses were New York attorneys who had represented Mrs. Lutsky in her marital differences with Mr. Lutsky.

■■■ We think the trial court did not commit reversible error in refusing to suppress the testimony of these attorneys, or in denying the admission of their evidence or answers to the interrogatories, direct and cross, because they had access to the testimony of Mr. and Mrs. Lutsky. The trial court exercises its discretion under such circumstances the same as it does in acting upon the rule of excluding witnesses from the court room, which is not subject to review on appeal except for gross abuse. Ryan v. Couch, 66 Ala. 244(1); New York Life Ins. Co. v. McLean, 218 Ala. 401, 118 So. 753(4).

The decree is due to be affirmed, and it is so ordered.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.