FOSTER *vs.* GLAZENER.

27  391
93  441

[DEBT ON FOREIGN JUDGMENT ESTABLISHING LOST NOTE.]

1. *Statutory proceeding in Georgia to establish lost note, not proceeding in rem.*—The summary remedy given by statute in Georgia to establish a lost note (Prince's Digest, p. 420, § 6), being predicated on an *exparte* affidavit, and without notice to the party to be affected thereby, cannot be assimilated to suits commenced by original attachment, or others analogous to proceedings *in rem*, since the court has custody of neither the person nor the thing.

2. *Law of nations as to assumption of extra-territorial jurisdiction.*—It is a well-settled principle of international law, that every attempt on the part of one nation or state, by its legislation, to grant jurisdiction to its courts over persons or property not within its territory, is regarded elsewhere as mere usurpation; and all judicial proceedings, in virtue of it, are held utterly void for every purpose.

3. *Courts of general jurisdiction, as to summary proceedings, held limited and special.*—Although every reasonable intendment is to be made in favor of the regularity of the proceedings of courts of general jurisdiction; yet this rule cannot be invoked in favor of their summary proceedings under special statutory powers in derogation of the common law, as to which they are placed upon the same footing with courts of limited and special jurisdiction, and must strictly pursue the statute.

4. *Common law presumed to exist in sister States.*—By the common law, a man was not bound by any judicial proceeding, to which he was neither a party nor a privy, and against which he had no opportunity to defend; and any foreign statute, or rule of court, contravening this principle, and authorizing the court to proceed without notice, or upon publication, must be affirmatively shown, or the proceeding will be held void for want of jurisdiction.

5. *Invalidity of Georgia judgment establishing lost note.*—A summary judgment rendered under the statute of Georgia giving the Superior Court " power and authority to establish copies of lost papers", &c., " under such rules and precautions as are or may be customary and according to law and equity", will be held void in the courts of this State for want of jurisdiction of the person, when the record does not show the statute authorizing the court to proceed without notice.

6. *Plea to jurisdiction of foreign court.*—Ordinarily, in debt on a foreign judgment, a plea, averring that the defendant was without the jurisdiction of the court and had no notice, should also allege that he did not, either in person or by attorney, appear to the action; but this rule only applies to cases in which the record shows that the court had jurisdiction of the person; and where this does not appear, the defendant may, under the general issue, show that the court had no jurisdiction.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. JOHN GILL SHORTER.

THIS was an action of debt, brought by Ira R. Foster against Sion B. Glazener. The declaration contained all the common counts, and a special count, alleging that,. " on the 28th August, A. D. 1848, at a term of the Superior Court begun and held in and for the county of Forsyth, in the State of Georgia, one of the United States of America, in a cause therein pending, wherein Ira R. Foster was plaintiff, and Sion B. Glazener was defendant, for the purpose of establishing a lost note ; by the consideration and judgment of said court, the following copy was established, in lieu of the said original note so lost :

' One day after date, I promise to pay Ira R. Foster, or bearer, one hundred dollars, for value received this 24th December, 1844.                              Sion B. Glazener ;' as by the record and proceedings thereof, in the said court remaining, appears. And plaintiff avers, that said judgment had the force and effect, in the said State of Georgia, of establishing said copy note in lieu of the original note, which was lost as aforesaid ; which said judgment still remain, in said court in the State of Georgia, in full force, strength, and effect, not in anywise reversed, annulled, vacated, paid off, or satisfied ; and said note still remains due and unpaid by said defendant to said plaintiff. Whereby an action hath accrued", &c.

The defendant demurred to each count in the declaration, but his demurrer was overruled ; and he then pleaded *nil debet*, failure of consideration, want of consideration, and the following special plea to the special count: " That before the commencement of said proceedings in the Superior Court of Forsyth county, in the State of Georgia, set forth in the first count of plaintiff's declaration, defendant was a resident and citizen of the State of Alabama, and has since continued to be, and is a resident citizen of the State of Alabama ; and from a long time before the commencement of said proceedings, until this time, has not been a resident, or a citizen of the State of Georgia ; and defendant had no notice of said proceedings in said Superior Court for Forsyth county in said State of Georgia." The plaintiff demurred, in short by consent, to this last plea, and moved the court to strike the others from the files, on the ground that neither of them could be pleaded as a defence to this action. The court overruled

Foster v. Glazener.

the demurrer and the motions, and the defendant then demurred to each plea separately except the last; and his demurrer being overruled, he then joined issue on the first three pleas, and replied to the last, " that plaintiff, at the time of the rendition of said judgment, was a resident citizen of said county of Forsyth in the State of Georgia, and, being such resident citizen, was the owner and holder of said note, given to him while such by said defendant; and that while such citizen he lost the same, and afterwards (still being such citizen) he instituted said proceedings in the proper court of said county, and obtained said judgment; and this he is ready to verify," &c. The court sustained a demurrer to this replication, and the plaintiff then replied again, " that plaintiff was the owner of said note, he being then a resident citizen of the State of Georgia and county of Forsyth, and, being such, lost said note; and thereupon plaintiff instituted said proceedings, and obtained said judgment." To this replication, also, the court sustained a demurrer, and the plaintiff then took issue on said plea.

On the trial, the plaintiff offered in evidence certain statutes of the State of Georgia, which may be found in Prince's Digest, pp. 419–20, §§ 3, 4, 5, 6 ; of which the last section provides, among other things, that the Superior Courts of the State "shall have power and authority to establish copies of lost papers, deeds, or other writings, under such rules and precautions as are or may have been customary and according to law and equity." In connection with these statutes, the plaintiff offered in evidence a certified transcript of the proceedings of said Superior Court of Forsyth county, Georgia, on which his action was founded. This transcript contained, first, the affidavit of the plaintiff, subscribed before a justice of the peace ; setting out a copy of the note, to the best of his recollection, and swearing to his possession and its subsequent loss. On this affidavit, the court made an order at its August term, 1847, " that a copy of this rule be published once a month, for three months, in a public gazette of this State, or be served personally on the said maker, three months before the next term of this court ; and if no cause is shown to the contrary, said copy will be established in lieu of said original note." At the February term, 1848, the

cause was continued, on account of the failure to make the publication required by the previous order ; and at the August term, 1848, the following order and entry was made :—"It appearing to the court that the order granted at the August term, 1847, of this court, has been duly published as therein directed, and no cause being shown in opposition to said motion ; it is, therefore, ordered and adjudged, that said rule *nisi* be made absolute, and that said copy note be, and the same is hereby, established in lieu of the lost original ; and it is further ordered, that the clerk furnish Ira R. Foster with a certified copy of the said established note, and of this rule, upon application and payment of costs."

The defendant objected to this transcript going in evidence, and the court sustained his objection ; and to this plaintiff excepted. The plaintiff then offered it, in connection with said statutes, " simply for the purpose of establishing by his affidavit contained therein the loss of said note, for the purpose of laying a predicate for secondary evidence of its contents" ; but the court again excluded it, on defendant's motion, and plaintiff excepted.

In consequence of these rulings of the court, the plaintiff was forced to take a nonsuit ; which he now moves to set aside, and assigns for error all the rulings of the court below.

ALEX. & JOHN WHITE, for the appellant :

1. The action of the Georgia court, establishing the existence of the note, was a proceeding *in rem*, and as such binding upon the parties, whether they had notice or not ;—provided the court had jurisdiction of the thing. The replications to the fourth plea show this fact.—Croudson v. Leonard, 4 Cranch, 434 ; Andrews v. Herriot, 4 Cowen, 520 ; Grant v. McLachlin, 4 Johns. 34; Holmes v. Remsen, 20 *ib*. 229. Our proceeding by attachment is a familiar example of this.

2. That the matters decided are binding on the parties, see Blad v. Bamfield, 3 Swanst. 604 ; 4 Cowen, 522, and cases there cited ; and this being the case, the judgment was binding upon the defendant as to the establishment of the existence of the note.

3. The act leaves the manner in which the note shall be established, discretionary with the court ; the only thing

necessary to give it jurisdiction of the case, is the proof of the loss of the note ; and even the amount and character of the proof of this fact is left to the court. But the proof required in this case is the same usually admitted in our own courts, and indeed the only evidence which the nature of such cases usually admits of—viz., the affidavit of the holder. There was also other evidence of its loss.

4. The position, that plaintiff's affidavit of the loss of the note is evidence for no purpose in this court, cannot be sustained. It formed part of the transcript from the records of the Georgia court, which was properly certified, and therefore entitled to all the force and effect given by the act of Congress.

JOHN T. MORGAN, *contra:*

This action is not really founded on a lost note, but on a Georgia record, which purports to have established a copy of a lost note. The record was offered in evidence under all the counts, including the common counts ; and the statutes of Georgia were offered in evidence to show the jurisdiction of the court to establish the copy of the lost note. The objections to the admissibility of the record are,—

1. The offer to introduce it was not accompanied with any proof *aliunde* of the existence or loss of the note, and it was not therefore the best evidence. The affidavit in the record is not evidence for any purpose in our courts.—Chandler v. Hudson, 8 Ala. 366.

2. The Georgia statute, read in evidence, does not make copies of lost papers, established under its rules and provisions, evidence of the existence and contents of those papers, even in the courts of Georgia. Those rules certainly have no extra-territorial operation ; and unless the proceeding in Georgia is a judgment, within the meaning of the constitution and acts of Congress, there is no law to give it force and effect in Alabama. It is not such a judgment ; but, even if it were, the record shows that it was not rendered on personal service.—Bigger v. Hutchings, 2 Stew. & P. 445.

3. The Georgia statute confers on the Superior Court the power to establish lost papers, under such " rules and precautions as are customary and according to law and equity" ;

but no law or custom of those courts is shown, authorizing an *ex parte* proceeding, without notice, and on no other proof than the affidavit of the actor. To make the evidence competent, it must be shown, as a part of the authority of the Georgia court to act in this summary way, that they proceeded according to some custom or practice of those courts, or according to some rule of law there. The proceeding being purely statutory, and not according to the course of the common law, no intendments are to be made in its favor ; especially where the whole matter belongs to a foreign jurisdiction, and is not a matter of judicial knowledge.

CHILTON, C. J.—The proceedings in the State of Georgia, to supply evidence of the lost note, predicated, as they were, upon the *ex parte* affidavit of the appellant, and without notice to the appellee, cannot be assimilated to proceedings upon original attachments, where the lands or personal property of the defendant are seized, and are considered in custody of the law, in lieu of the person of the debtor ; and, to that extent, are analogous to proceedings *in rem*. Here, the court had neither the person, nor the *rem*, in custody.

It is a well-settled principle of international law, that every attempt on the part of one nation or State, by its legislation, to grant jurisdiction to its courts over persons or property not within its territory, is regarded elsewhere as mere usurpation ; and all judicial proceedings, in virtue of it, are held utterly void for every purpose. This proceeds upon the known maxim, "*Extra territorium jus dicenti impune non paretur.*"— Story on Conflict of Laws, 449, § 539 ; 2 Vattel, b. 2, ch. 8, § 84 ; 2 Phil. Ev. (Cow. & H.'s Notes,) 2d ed., p. 907, note 637, and cases there collected. In the case before us, it does not appear from the record that the court of Georgia obtained jurisdiction of either the person or property of Glazener.

But it may be said, that the Superior Court of Georgia is one of general jurisdiction, and every intendment is to be made in favor of the jurisdiction of such court, and of the regularity of its proceedings ; that its proceedings are to be deemed valid, until its jurisdiction is disproved by the party resisting them. This proposition may be conceded, and yet the appellant can take no benefit from it, for the reason, that

although the court is one of general jurisdiction, its powers respecting the subject-matter of adjudication are special and limited ; and in respect of such extraordinary jurisdiction, which is in derogation of the common law, and summary in its character, the court is placed upon the same footing with a court of special and limited jurisdiction.—Thatcher v. Powell, 6 Wheat. R. 119–127; Phil. Ev. (C. & H. Notes), 2d ed., vol. 2, p. 906, note 637 ; Conc v. Cotton, 2 Blackf. R. 82. Whyte, J., in Earthman v. Jones, 2 Yerg. 493, said,—"Where a statute prescribes a new proceeding, either unknown to the common law, or contrary thereto, the statute, so far at least as those parts of it essential to jurisdiction are concerned, must be not only proved, but *shown to have been strictly pursued*, or the proceeding will be a nullity."—See 10 Wend. 75; 1 Mass. 103 ; 2 East, 221. Such, also, is the uniform doctrine of this court, as is shown by the numerous decisions upon summary remedies, in favor of banks, &c.

By the statute law of Georgia, the Superior Court has power and authority given it " to establish copies of lost papers, deeds, or other writings, under such rules and precautions as are or may have been customary and according to law and equity." What were the rules and precautions which were customary, and which accorded with law and equity ? We are not informed by this record. It is clear that no person ought to be bound by any judicial proceeding, to which he was neither a party nor privy, and against which he had no opportunity afforded him to defend. This would be against the course of the common law ; and if any statute existed, contravening this provision, or any rule, authorizing the court to proceed in a matter so vitally affecting the interest of a party, without notice, or upon publication, the statute, or rule of court, should have been shown ; otherwise we must presume the common law obtains, and hold the proceeding void for want of jurisdiction of the person. We cannot, from this record, ascertain what the local law was, which prescribed the mode of procedure ; and hence are unable to see that the law has been pursued. Tested by the law which we must presume applied, the proceedings are void for want of notice. Borden v. Fitch, 15 Johns. R. 141; Andrews v. Montgomery, 19 *ib.* 162 ; Bissell v. Briggs, 9 Mass. R. 467 ; Shunway v.

Stillman, 4 Cow. R. 294–5; *ib.* 524. The pleadings in an action are governed by the *dignity* of the instrument on which it is founded. If it be a record, *conclusive* between the parties, it cannot be denied, except upon the plea of *nul tiel record.*— Mills v. Duryee, 7 Cran. 431. But we have seen that such is not the effect of this record. It is available for no purpose whatever.

It follows from what we have said, that the court below did not err in the several rulings excepted to. The defendant could show, under the general issue (*nil debet*), that the court had no jurisdiction to render the judgment or decree (Bissell v. Briggs, 9 Mass. R. 462 ; Stephens v. Gaylord, 11 *ib.* 266; 4 Cow. R. 324) ; and being allowed to go behind the record, he could plead any plea going to the consideration upon which it was predicated.

Ordinarily, a plea to a judgment of a sister State, averring that the defendant was without the jurisdiction of the court and had no notice, should go further, and state that he did not appear to the action ; for, notwithstanding he may have resided out of the State where the judgment was rendered, and have had no legal notice, he may nevertheless, by himself, or counsel, have appeared to the action. We apprehend, however, that this applies to cases where the record shows that the court had jurisdiction of the person. Here, the contrary is shown, unless we can *presume* that publication of the object of the motion to supply the lost note is equivalent ·to service; which we cannot do, in the absence of proof showing such to be the law of Georgia.

It is unnecessary that we make a more specific application of the principles settled above to the rulings of the court. They were predicated upon the idea, that the record was mere waste paper ; and so we regard it. We cannot, therefore, set aside the nonsuit.

Judgment affirmed.