128 So.2d 524

Harriett Jetta SAPOS

v.

Samuel PLAME, Jr.

6 Div. 597.

Supreme Court of Alabama.

March 30, 1961.

Rankin Fite, Hamilton, for appellant.

Bill Fite, Hamilton, for appellee.

LAWSON, Justice.

The appeal is from a decree overruling demurrer to an amended bill which seeks the vacation of a decree of divorce. The original bill was filed on July 21, 1959.

The case made by the amended bill is substantially as follows.

The complainant, Samuel Plame, Jr., and the respondent, Harriett Jetta Sapos, were married in November, 1944. The Circuit Court of Marion County, in Equity, on May 19, 1958, rendered a decree purporting to dissolve that marriage in a proceeding instituted by Harriett Jetta Plame, now Harriett Jetta Sapos, against Samuel Plame, Jr.

The decree of May 19, 1958, was obtained by fraud, in that:

"* * * Defendant obtained Complainant's signature to a purported Answer and Waiver used in such divorce proceeding by fraud and misrepresentation practiced by Defendant on Complainant. * * * The said purported Answer and Waiver is not the same instrument that was executed by Complainant and is a forgery. The instru-

ment that Complainant did sign was forged and changed by the Defendant after it was signed by Complainant without the consent or knowledge of the Complainant. In the instrument that Complainant signed he did not submit himself to the jurisdiction of the Circuit Court, In Equity of Marion County, Alabama or to any court in the State of Alabama. Complainant has never appeared in any action filed by the Defendant in the Circuit Court, In Equity of Marion County, Alabama or in any court in the State of Alabama. The purported Answer and Waiver was filed in the Circuit Court, In Equity of Marion County, Alabama without the knowledge or consent of the Complainant and such Answer and Waiver is a forgery. The purported Answer and Waiver was changed and forged by the Defendant so as to confer jurisdiction of the Circuit Court, In Equity of Marion County, Alabama over the Complainant without his knowledge or consent."

The bill as amended further alleges:

"At the time the decree was rendered in the Circuit Court, In Equity of Marion County, Alabama in said Case #6028 styled Harriett Jetta Plame, Complainant vs. Samuel Plame, Jr., Defendant, the Complainant was serving in the United States Armed Forces overseas in Frankfort, Germany. Complainant did not return to the United States until April 22, 1959, at which time he immediately began trying to get the said divorce decree set aside."

There are only two assignments of error, both of which are to the effect that the court erred in overruling the respondent's demurrer.

Under such assignments, we treat only those grounds of demurrer adequately

argued in brief of appellant as having been well taken. Groover v. Darden, 259 Ala. 607, 68 So.2d 28, and cases cited.

For the purposes of this appeal, we can treat the amended bill as containing equity and as meeting all the requirements of a bill in the nature of a bill of review except as to the time of filing. This, because the only grounds of the demurrer which are adequately argued in brief of appellant are to the effect that the bill shows on its face that it was not timely filed and that the complainant by virtue of delay has become estopped to question the decree of divorce under date of May 19, 1958.

■ The fact that this bill was filed within three years after the rendition of the decree is sufficient to show that the grounds of the demurrer taking the point that the bill shows on its face that it was not timely filed are without merit. Titus v. Nieheiser, 269 Ala. 493, 114 So.2d 242.

In regard to the matter of estoppel, it is asserted by the appellant that since the bill shows on its face that the respondent has remarried since the rendition of the divorce decree, the complainant is estopped from attacking that decree.

■ The fact of the subsequent marriage of respondent in this case does not in and of itself show that the complainant is estopped from attacking the divorce decree. See Hartigan v. Hartigan, ante, p. 67, 128 So.2d 725.

Finding no merit in any of the grounds of demurrer which are adequately argued in brief of appellant, we are constrained to affirm the decree of the trial court.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.