VIOLA RICHARDS DONNELL AND HUSBAND, FLOYD DONNELL v.
WILLIAM R. HOWELL.

(Filed 23 May 1962.)

1. **Divorce and Alimony § 1;    Judgments §§ 18, 24—**

Jurisdiction of the marital status is necessary to give the courts of a state jurisdiction to alter such status by decree of divorce, and where the parties, according to their stipulation, perpetrated a fraud on the jurisdiction of the court, the wife by falsely alleging domicile within that state for the period required by its statutes and the husband by waiver or admission of such domicile, so that the decree of divorce rendered by such court is void under its laws for want of jurisdiction, the decree may be collaterally attacked by the husband in an action in this State in which the fraud on the jurisdiction of the foreign court is made to appear of record.

2. **Divorce and Alimony § 25;    Judgments § 16—**

Where, in the wife's action for divorce in another state, the husband files answer and waiver admitting the false and fraudulent allegations of the wife that she was a resident of that state, but the husband does not appear in person or by counsel in that state, *held* in an action instituted in this State for partition of lands upon the ground that the divorce decree constituted the parties tenants in common, the husband is not estopped to attack the divorce decree, since the wife was not misled or deceived and did not act to her detriment in reliance upon any representation or act of the husband, and since to permit the divorce decree to stand would be an offense against public morals and good conscience.

3. **Actions § 5—**

The courts will grant relief to a party *in pari delicto* if the refusal of such relief would result in a condition contrary to public policy or against public morals or good conscience.

4. **Constitutional Law § 26—**

Where a decree of divorce is obtained in another state by connivance of the parties in perpetrating a fraud on the jurisdiction of the court by falsely making it appear that the plaintiff was a resident of that state, such decree is not entitled to full faith and credit under Art. IV § 1, of the Constitution of the United States, and, there being no adjudication of the residence of the parties in any adversary manner by the court rendering the divorce decree, a court of this State, in an action properly instituted here, is not bound by the findings of the divorce forum as to the jurisdictional fact of domicile, but may find for itself that no domicile in fact existed in the foreign state.

APPEAL by petitioners from *Phillips, J.,* 6 November 1961 Civil Term of SURRY.

Petition for partition sale of real property.

The petition alleges in substance:

All the tracts or parcels of land set forth with particularity in fourteen numbered paragraphs of the petition were conveyed to petitioner,

Viola Richards Howell, and respondent, William R. Howell, during the time of their marriage to each other, thereby vesting title in them as tenants by entirety. The *feme* petitioner obtained an absolute divorce from respondent in March 1961. As a result of such absolute divorce the *feme* petitioner and respondent hold title to all the aforesaid real property as tenants in common. *Feme* petitioner has since intermarried with the male petitioner, Floyd Donnell. A greater aggregate price can be realized if all the tracts of land are sold each as a separate unit. Wherefore, petitioners pray for a partition sale.

We summarize the essential allegations of respondent's answer: It denies that the *feme* petitioner is legally divorced from respondent, for the reason that the divorce granted to the *feme* petitioner by a court in the State of Alabama in March 1961 is null and void, because at the time of the divorce the *feme* petitioner was a *bona fide* resident of Surry County, North Carolina. It denies that the *feme* petitioner and respondent hold title to the real property described in the petition as tenants in common, but avers that they are still lawfully married to each other, and hold title to all the real property described in the petition as tenants by entirety, except the real property described in paragraph nine of the petition, which they have sold. The answer contains a further and a second answer and defense which we summarize, so far as essential to this appeal: *Feme* petitioner and respondent as partners own and operate a drug store at Dobson, and each one is entitled to receive one-half of this business. Situate in the residence owned by *feme* petitioner and respondent as tenants by entirety is household and kitchen furniture of the value of $6,731.22, which is the individual property of respondent, and the rest of such furniture there is owned jointly by them.

Wherefore, respondent prays that all the real property owned by *feme* petitioner and respondent as tenants by entirety be held intact by them as tenants by entirety, until one or the other obtains a valid divorce, and then the court shall appoint a commissioner to sell the real property; that a receiver be appointed to take over the drug store, and to sell the household and kitchen furniture, and pay respondent $6,731.22, and divide the remainder equally between them.

*Feme* petitioner filed a reply. We summarize its essential allegations: Respondent entered a general and personal appearance in the action for absolute divorce she instituted against him on 3 March 1961 in the circuit court of Lee County, Alabama, by signing an answer waiving all summons, notice, process, order and decrees in the case, and admitting himself, a resident of North Carolina, to the jurisdiction of the court, admitting that *feme* petitioner is a *bona fide* resident of Lee County, Alabama, and she attached copies of the papers in that case

to her reply, and makes them a part thereof. Her bill of complaint alleges she "is a resident of the State of Alabama and has been as such time as required by law." Respondent by participating in the divorce action is estopped to deny the validity of the divorce decree rendered therein. The decree of absolute divorce rendered by the circuit court of Lee County, Alabama, is valid in that State, and is entitled to full faith and credit in the State of North Carolina.

The parties agreed that this special proceeding should be heard by Judge Phillips upon facts stipulated by the parties, and facts found by the judge. We summarize only those which are essential to a decision of this appeal, because many of the lengthy findings of fact are irrelevant, so far as this appeal is concerned:

Counsel for the petitioners and respondent stipulated that both the *feme* petitioner and the respondent were residents of Surry County, North Carolina, at the time *feme* petitioner instituted an action for divorce in the State of Alabama in March 1961. They further stipulated that *feme* petitioner was a resident of Surry County, North Carolina, and respondent was a resident of Stanly County, North Carolina, at the time this special proceeding was instituted in May 1961. *Feme* petitioner and respondent were lawfully married to each other on 15 August 1944 in South Carolina, and lived together as husband and wife until October 1960. On 3 March 1961 *feme* petitioner instituted an action for absolute divorce against respondent in the circuit court of Lee County, Alabama. On 7 March 1961 the circuit court of Lee County, Alabama, entered a decree granting *feme* petitioner an absolute divorce from respondent. This judgment provided that neither *feme* petitioner nor respondent shall marry again, except to each other, until sixty days after the divorce decree. After the rendition of the divorce decree *feme* petitioner returned to North Carolina, and married the male petitioner the same month, March 1961. Judge Phillips made lengthy and detailed findings of fact in respect to a waiver signed by respondent and filed in the records of the divorce action in the Alabama court, which it is not necessary to set forth on this appeal, and concluded the waiver did not subject respondent to the jurisdiction of the Alabama court, and further concluded that the divorce decree rendered by the Alabama court in the *feme* petitioner's divorce action was null and void and not entitled to full faith and credit in the courts of the State of North Carolina, because respondent was not subject to the jurisdiction of the Alabama court by reason of the purported waiver.

Whereupon, Judge Phillips adjudged and decreed that the decree of absolute divorce rendered by the circuit court of Lee County, Alabama, is null and void and not entitled to full faith and credit in

the courts of the State of North Carolina, that *feme* petitioner and respondent have never been lawfully divorced, and are still husband and wife, and that the title to the real property described in the petition is held by *feme* petitioner and respondent as tenants by entitrety.

From the judgment, petitioners appeal.

*Barber & Gardner, By Carroll F. Gardner for petitioner appellants.*
*Blalock and Swanson, By C. Orville Light for respondent appellee.*

PARKER, J.   Counsel for the petitioners and respondent stipulated before Judge Phillips that both the *feme* petitioner and the respondent were residents of Surry County, North Carolina, at the time *feme* petitioner instituted an action for divorce in the circuit court of Lee County, Alabama, in March 1961. The action was instituted on 3 March 1961. *Feme* petitioner in her bill of complaint in the divorce action alleged she "is a resident of the State of Alabama and has been as such time as required by law"—a false allegation according to her stipulation in the instant case before Judge Phillips. Respondent in his answer filed in the divorce case admitted "the complainant is a *bona fide* resident citizen of Lee County, Alabama"—a false admission according to his stipulation in the instant case before Judge Phillips. She alleged in her bill of complaint as the ground for divorce "that on to-wit: February 28, 1960 the Respondent voluntarily abandoned her bed and board without just cause or reason and has remained away from the bed and board of Complainant voluntarily and continuously since said date." A false allegation according to an unchallenged finding of fact that *feme* petitioner and respondent lived together as husband and wife until October 1960. The final decree of absolute divorce was entered by the Alabama court on 7 March 1961. Thereafter *feme* petitioner returned to North Carolina, and married Floyd Donnell in March 1961. She is now a resident of Surry County, North Carolina, and respondent a resident of Stanly County, North Carolina.

The first question for decision is: Did the Alabama court under the laws of the State of Alabama have jurisdiction over the marital status of the parties, when neither was domiciled in Alabama, and when both perpetrated a fraud on that court by falsely representing to it in the bill of complaint and answer that *feme* petitioner "was a resident of the State of Alabama and has been as such time as required by law," when in truth and in fact according to their stipulation before Judge Phillips both *feme* petitioner and respondent were residents of Surry County, North Carolina, at the time *feme* petitioner instituted the action for divorce in the Alabama court.

Title 34, section 27, Code of Alabama, 1940, 1955 Cumulative Pocket Part, reads:

"FOR ABANDONMENT, TWELVE MONTHS' RESIDENCE TO BE PROVED.—No bill can be filed for a divorce on the ground of voluntary abandonment, unless the party applying therefor, whether husband or wife, has been a bona fide resident citizen of this state for twelve months next preceding the filing of the bill which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action."

Title 34, section 29, Code of Alabama, 1940, 1955 Cumulative Pocket Part, reads:

"IF DEFENDANT A NONRESIDENT, A YEAR'S RESIDENCE BY PLAINTIFF MUST BE PROVED.—When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action."

The Supreme Court of Alabama said in *Gee v. Gee,* 252 Ala. 103, 39 So. 2d 406, Rehearing Denied 31 March 1949: "It is firmly established by our decisions that residence in our divorce statutes means domicile."

In *Jennings v. Jennings,* 251 Ala. 73, 36 So. 2d 236, 3 A.L.R. 2d 662, both husband and wife resided in South Carolina. The wife sued in Alabama, and in her bill of complaint alleged she was a resident of South Carolina. The husband appeared and answered, admitting he was a resident of South Carolina and submitted himself to the jurisdiction of the Alabama court. When the case came on for hearing on the merits, the trial judge dismissed the bill on the ground that the court had no jurisdiction. The Supreme Court of Alabama affirmed. In its opinion it quoted Title 34, section 29, Code of Alabama, 1940, which we have quoted above, and stated: "This case involves the power of the legislature to authorize a decree of divorce in this state when the parties are personally before the court, but reside in another state." In its opinion the Alabama Supreme Court said:

"Jurisdiction, which is the judicial power to grant a divorce, is founded on domicile under our system of law. *William v. North Carolina,* 325 U.S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A.L.R.

1366; *Bell v. Bell*, 181 U.S. 175, 21 S. Ct. 551, 45 L. Ed. 804; *Andrews v. Andrews*, 188 U.S. 14, 23 S. Ct. 237, 47 L. Ed. 366; *Sherrer v. Sherrer*, 68 S. Ct. 1087, 1097; *Wilkes v. Wilkes*, 245 Ala. 54, 16 So. 2d 15. See also The Alabama Lawyer, Volume eight, p. 37. This is true because domicile in the state gives the court jurisdiction of the marital status or the res which the court must have before it in order to act. Nelson on Divorce and Annulment, Vol. 2, p. 632; Schouler Divorce Manual p. 21; Kennan on Residence and Domicile p. 450; Keezer on Marriage and Divorce p. 73 et seq.; 27 C.J.S. Divorce, § 71, p. 633. The domicile of one spouse, however, within the state gives power to that state to dissolve the marriage. *Williams v. North Carolina*, 317 U.S. 287, 63 S. Ct. 207, 87 L. Ed. 279, 143 A.L.R. 1273; neither party here is a resident of Alabama. Jurisdiction of the res is essential because the object of a divorce action is to sever the bonds of matrimony, and unless the marital status is before the court, the court cannot act on that status. Authorities *supra*. Furthermore it is recognized that unless one of the parties has a residence or domicile within the state, the parties cannot even by consent confer jurisdiction on the courts of that state to grant a divorce. 17 Am. Jur. p. 273.

" '* * * The principle dominating the subject is that the marriage relation is so interwoven with public policy that the consent of the parties is impotent to dissolve it contrary to the law of the domicil. * * *' *Andrews v. Andrews*, *supra* [188 U.S. 14, 23 S. Ct. 244].

*       *       *       *       *       *

"While we appreciate the need for comity between the states and feel that a state can have no legitimate concern with the matrimonial status of two persons who do not reside within its territory, why cannot the legislature make the enactment in which we are here concerned? To this we say that the legislature of a state cannot confer on the courts of that state a power which is not within the power of the state to confer on the legislature. 19 C.J. p. 26, 27 C.J.S. Divorce, § 71. In *The People v. Dawell*, 25 Mich. 247, 12 Am. Rep. 260, 273, the court aptly said:

" '* * * Will it be seriously claimed that any State might enact a law that citizens of other States might be divorced at pleasure in its courts, by simply applying in person for the decree? Would not every other State be likely to protest, with emphasis and indignation, that any such law was an invasion of their sovereignty, and an attempt, by indirect methods, to control the domestic relations of their citizens? But if such a law could not be valid, how can it be truly said, that a court, whose authority cannot

possibly be broader than that of the State which created it, had "jurisdiction of the parties by the voluntary appearance of the defendant," when such voluntary appearance could no more bring the subject-matter of the suit within the jurisdiction of the court than in ejectment it could bring the land from a distant state, and enable the court to pass upon the right to its possession. * * *'

"An act to be valid must be within the legislative jurisdiction of the enacting state. 59 C.J. p. 21; *Foster v. Glazener,* 27 Ala. 391. Here the statute seeks to act on a status which is beyond the boundaries of the state. That it cannot do."

In *Hartigan v. Hartigan,* 272 Ala. 67, 128 So. 2d 725, filed 30 March 1961, Helen Hartigan filed a bill for divorce in the circuit court charging her husband, John Hartigan, with voluntary abandonment. She alleged in the bill she was a *bona fide* resident of Birmingham, Jefferson County, Alabama, and had been for more than one year next preceding the filing of the bill, and that respondent was a resident of the same county. Respondent filed an answer and waiver in which he admitted the jurisdictional facts, but denied the other material allegations of complainant, and agreed that the case "may be carried forward to its final determination and decree of divorce issued without other notice to respondent." He signed the answer and waiver in the presence of a witness. The divorce decree incorporated a property settlement and payment of alimony by respondent to complainant, based upon an agreement between them purporting to have been signed by both parties and filed with the bill and answer. On 17 June 1960 John Hartigan filed a petition in the circuit court of Jefferson County praying for a modification of the 1954 divorce decree so as to eliminate the requirement that he pay Mrs. Hartigan alimony of $60 per week, due to certain financial grounds as changed circumstances. On 7 and 8 July 1960 Mrs. Hartigan filed an answer asking enforcement of the decree, and a petition for citation of contempt on the ground he was delinquent on his alimony payments. The proceeding was heard before Judge Bailes. In the hearing before Judge Bailes the following facts were established without objection: Mrs. Hartigan testified that she had never resided in Alabama and had never been in Alabama before she instituted her divorce action there, and that John Hartigan had never lived in Alabama, that her trip to Alabama had been agreed upon between her and her husband in New York, and that she came to Alabama to get the divorce. Judge Bailes, on his own motion, entered a decree setting aside the 1954 final decree of divorce on the ground that it was procured by fraud on the court, was illegal, null

and void and dismissed the petition of both parties. The Supreme Court of Alabama affirmed. In its opinion it said:

"The rule is stated in 49 C.J.S. Judgments § 421, p. 824, as follows:

" 'Even though a judgment is valid on its face, if the parties admit facts which show that it is void, or if such facts are established without objection, the case is similar to one wherein the judgment is void on its face and is subject to collateral attack.'

Other cases applying this rule are *Welch v. Morris,* 49 Idaho 781, 291 P. 1048; *Griggs v. Venerable Sister Mary Help of Christians,* Mo. App., 238 S.W. 2d 8; *Meyer v. Meyer,* 333 Ill. App. 450, 77 N.E. 2d 556; *Gibson v. Gibson,* 193 Or. 139, 237 P. 2d 498, 501. In the last cited case, the court said 'Irrespective of whether plaintiff is in a position to attack the decree awarding alimony to defendant, such decree cannot stand because we have repeatedly held that where a void decree is brought to the attention of the court, it is the duty of the court on its own motion to vacate the same.'

"The facts in the instant case fall squarely within the above rule. When Mrs. Hartigan took the stand in 1960, and testified as to the facts upon which the 1954 decree was based, she did so without objection on the part of her husband. He cross-examined her, thereby waiving any objection he might have had. Thus the undisputed facts, before the court without objection, showed that the original decree by the same court in a matter between the same parties was void for the lack of jurisdiction. The parties had voluntarily reappeared before the court and made the supervening invalidity apparent on the face of the record.

"Under such circumstances, the court correctly vacated the original decree.

\* \* \* \* \* \*

"We think the court was authorized to vacate the 1954 decree in order to protect the integrity of its judicial proceedings.

"Here, the fraud was not perpetrated against the other party, it was solely against the court."

The Court further said:

"We come now to the most difficult aspect of this case. While the record proper does not so show, the briefs before us are in agreement that at the present time Mr. Hartigan has remarried and probably has a child by that marriage. This and other states have recognized that a question of public policy is involved.

\* \* \* \* \* \*

"It is almost universally held that the remarriage of a party to a divorce does not deprive a court of the power to set aside the decree or that, as it is often said, the remarriage is not itself a sufficient reason for refusing to vacate or set aside the decree. 12 A.L.R. 2d 156; 17 Am. Jur., Divorce and Separation, § 517, p. 613.

" 'A divorce decree or judgment granted by a court without jurisdiction of the subject matter or of the person should be set aside.' 27A C.J.S. Divorce § 169 c., p. 684.

"We quote from *Murphy v. Murphy*, 200 Ark. 458, 140 S.W. 2d 416, 418. Murphy and his wife lived in Missouri and the court in Arkansas did not have jurisdiction of either the subject matter or the wife when the divorce decree was granted. Murphy remarried. The court said:

" 'Murphy was, therefore, never a resident of this State, and, as the court below properly found, a fraud was practiced upon the court in procuring the divorce in this State.

\* \* \* \* \* \*

" '\* \* \* Such divorces have a "mail-order" appearance, and we shall not hesitate to set them aside, even though the divorced party shall have remarried before we have that opportunity; and, however innocent the second wife may be, we cannot permit such frauds to be practiced upon the courts of this State.

" 'At Section 469 of the chapter on Divorce and Separation in 17 American Jurisprudence, page 384, it is said that "Divorce decrees may be set aside because of fraud even though the rights of innocent third persons are thereby prejudiced, and hence, the petition need not allege that no such rights have intervened."

\* \* \* \* \* \*

" 'The parties to this litigation—all of them—appear to have been trifling with the jurisdiction of our courts, and we know nothing to do with them except to spew them out and to have done with them; and to leave them where they were, so far as we are concerned, when the jurisdiction of our courts was first invoked.'

"Not only is it conclusive that the 1954 divorce decree was void for want of jurisdiction of the subject matter in Alabama, but it is not entitled to full faith and credit in other jurisdictions.

"The Federal Supreme Court is the final arbiter when the question of full faith and credit is raised under Art. IV, Sec. 1 of the Constitution of the United States. *Williams v. State of North Carolina*, 317 U.S. 287, 63 S. Ct. 207, 87 L. Ed. 279. Not overruled in *Williams v. North Carolina*, 325 U.S. 226, 65 S. Ct. 1092 89 L. Ed. 1577. And that court has held that a court in whose

territorial jurisdiction neither spouse had a bona fide domicile has no jurisdiction to render a divorce decree and such decree will not be binding either in the state of its rendition or in any other state in which the question might arise. *Bell v. Bell,* 181 U.S. 175, 21 S. Ct. 551, 45 L. Ed. 804; *Andrews v. Andrews,* 188 U.S. 14, 23 S. Ct. 237, 47 L. Ed. 366."

In *Sapos v. Plame,* 272 Ala. 76, 128 So. 2d 524, 30 March 1961, the Court held that the subsequent marriage of the wife did not in and of itself show that the husband is estopped from attacking the divorce decree by a bill of review to set it aside for fraud.

It seems to be indubitable from the stipulation of the parties before Judge Phillips that both the *feme* petitioner and respondent were residents of Surry County, North Carolina, at the time *feme* petitioner initiated an action for divorce in a circuit court of the State of Alabama on 3 March 1961, and that the Alabama court, if presented with such stipulation, would determine that the final divorce decree rendered *feme* petitioner from respondent in that court on 7 March 1961 was void for want of jurisdiction. Certainly, it is void according to the law in this State. *Martin v. Martin,* 253 N.C. 704, 118 S.E. 2d 29.

While a void divorce decree cannot be legalized by act of the parties, Freeman on Judgments, 5th Ed., Vol. 3, 1925, section 1438, is respondent by filing an answer and waiver, but not appearing in person or by counsel, in the divorce suit in the Alabama court estopped to deny the final divorce decree rendered therein, as alleged by *feme* petitioner in her reply? *Feme* petitioner by fraud invoked the jurisdiction and power of the Alabama court for the purpose of securing important rights from respondent by its divorce decree, and having obtained by fraud a final divorce decree she seeks to uphold the divorce decree and enjoy its fruits by having a partition sale of all real property conveyed to her and respondent as tenants by entirety, on the ground that by reason of the Alabama divorce she and respondent hold title to this property as tenants in common. There is no evidence children have been born from the second marriage of *feme* petitioner to Floyd Donnell.

It seems clear that there is no true estoppel here. *Feme* petitioner knew all the material facts, she knew she and respondent were not residents of Alabama, but were residents of Surry County, North Carolina, at the time she instituted her divorce action and four days later procured there a final decree of divorce, she was not misled or deceived, and she did not act to her detriment in reliance on any representation or deed of respondent when she got what she apparently wanted—a new husband the same month she procured her decree of

final divorce. *Smith v. Smith,* 72 Ohio App. 203, 27 Ohio Ops. 79, 38 Ohio L. Abs. 531, 50 N.E. 2d 889; *Garman v. Garman,* 102 F. 2d 272, 122 A.L.R. 1317; *Lynn v. Lynn,* 302 N.Y. 193, 97 N.E. 2d 748, 28 A.L.R. 2d 1335, cert. denied 342 U.S. 849, 96 L. Ed. 640; *Cook v. Cook,* 116 Vt. 374, 76 A. 2d 593. Respondent joined with her in perpetrating a fraud on the Alabama court, but it would seem he has enjoyed no fruits by virtue of the divorce decree; he has not remarried. He assails the validity of the Alabama divorce only when *feme* petitioner brings him into the North Carolina court where he resists her efforts to enjoy the fruits of an Alabama divorce, which she obtained by a fraud perpetrated on the Alabama court.

In *Levine v. Levine,* 262 Ala. 491, 80 So. 2d 235, the Supreme Court of Alabama held that where a wife received $20,000 by terms of settlement agreement, which was made a part of and merged with divorce decree, and she did not tender to her husband any portion of the sum she received, nor had she paid any portion of such money into court or offered to do so, her retention of monetary benefits of divorce decree, while seeking to have decree nullified on ground court did not have jurisdiction, precluded her from equitable relief she sought. The Court said:

> "We simply hold that this complainant because of her conduct, as reflected by the bill of complaint, has closed the doors of the equity court to herself and we in no way impinge on our well-settled rule that the Alabama courts have no jurisdiction over the marital status of the parties if neither was domiciled in Alabama. Citing authorities.
>
> "Rachel Levine having plucked the goose in 1949, seeks to get her fingers into a new crop of feathers in 1953."

See also *Fairclough v. St. Amand,* 217 Ala. 19, 114 So. 472, and the comment on that case and the *Levine* case in *Hartigan v. Hartigan, supra.*

"Although the parties are shown to have been *in pari delicto,* the court will grant relief to one of them if its forbearance will be productive of an offense against public morals or good conscience." 19 Am. Jur., Equity, p. 332; *Smith v. Smith, supra;* 17 Am. Jur., Divorce and Separation, sec. 541; *Hogan v. Hogan,* 320 Mass. 658, 70 N.E. 2d 821.

If a court should forbear to grant relief to respondent here in the face of their stipulation before Judge Phillips to the effect that the final divorce decree *feme* petitioner obtained from the Alabama court was secured by the perpetration of a fraud upon the Alabama court, it would be an offense against public morals and good conscience, a reflection upon the integrity of the court, and productive of perjury.

"It is a matter of common knowledge that every year thousands of unhappily married persons, unable to obtain divorces at home, visit one or another of these five states in search of marital freedom. It is equally well known that the need for proof of domicile leads to perjury in a vast number of instances." *Wheat v. Wheat,* 229 Ark. 842, 318 S.W. 2d 793. Respondent is not estopped to challenge the validity of the final divorce decree rendered by the Alabama court for lack of jurisdiction and it would seem that the Alabama Supreme Court under its decisions would so hold under the facts here, as we do in the present case.

We now come to the full faith and credit clause of the Federal Constitution, Art. IV, section 1. This clause is now construed to mean that a foreign decree of divorce rendered in a state in which neither of the parties had a *bona fide* domicile is not required to be recognized in another state under the full faith and credit clause of the Federal Constitution, and that the court of another state is free to go behind the findings of the foreign divorce court as to the jurisdictional fact of domicile in the divorce forum, and find for itself, contrary to the finding of the foreign divorce court, that no domicile in fact existed in the foreign state to entitle the foreign decree to extraterritorial recognition, *Williams v. State of North Carolina,* 325 U.S. 226, 89 L. Ed. 1577, 157 A.L.R. 1366 (reh. den. 325 U.S. 895, 89 L. Ed. 2006); *Esenwein v. Pennsylvania,* 325 U.S. 279, 89 L. Ed. 1608, 157 A.L.R. 1396, with an exception set forth in *Sherrer v. Sherrer,* 334 U.S. 343, 92 L. Ed. 1429, 1 A.L.R. 2d 1355, and *Coe v. Coe,* 334 U.S. 378, 92 L. Ed. 1451, 1 A.L.R. 2d 1376. In both the *Sherrer* and *Coe* cases, although the service was constructive (by mail), there was a personal appearance by the defendants in the foreign divorce forum and they were represented by counsel at the hearing—in the *Sherrer* case, a denial in the answer of the allegations of residence in the plaintiff's complaint, without contest of the same on trial, and in the *Coe* case, an express admission as true, in the answer, of the allegations of residence in the plaintiff's complaint, without contest of the same at trial. Opportunity was thus present, unlike in the *Williams* and *Esenwein* cases, for them to raise the issue of lack of jurisdictional requirement of domicile, although they did not in fact avail themselves of that opportunity at the trial. The Court held this was sufficient to render *res judicata* and conclusive the finding of the divorce court as to jurisdictional fact of domicile within the state, which is binding upon the courts of other states in which the decree is attacked on the ground of lack of jurisdiction over the matrimonial *res* or of lack of domicile in the divorce forum.

The *Sherrer* and *Coe* decisions do not validate or require extra-

territorial recognition of foreign divorces under all cicumstances. The fundamental requirement that domicile within the territorial bounds of the divorce court of at least one of the parties to the divorce suit is of the very essence and prerequisite of jurisdiction over the matrimonial *res* is not dispensed with—on the contrary it has been reaffirmed in those cases. It seems certain that the essential prerequisite is here to stay, even if the Court in the future should go beyond the limits fixed in the *Sherrer* and *Coe* cases. See Annotation 1 A.L.R. 2d 1385 — 1412 — Recognition as to marital status of foreign divorce decree attacked on ground of lack of domicile, since *Williams* decision, and particularly Article III, section 8—Effect of *Sherrer* and *Coe* cases.

In *Staedler v. Staedler,* 6 N.J. 380, 78 A. 2d 896, 28 A.L.R. 2d 1291, the New Jersey Supreme Court said:

> "We are firmly of the opinion that the principles of the *Sherrer, supra,* and *Coe, supra,* cases only apply to a true adversary proceeding where the parties are represented by counsel of their independent choice and where there is an opportunity to make a voluntary decision on the question as to whether or not the case should be fully litigated either on the question of jurisdiction or the merits, and that once an election has been made by the defendant under such circumstances and conditions that then and then alone can the judgment of the court be *res judicata* and the full faith and credit clause operate for the advancement of justice rather than for the perpetration of a fraud."

The *Sherrer* and *Coe* cases are not applicable here, because respondent was not personally present at, and did not participate by himself or an attorney, in the trial in the Alabama court, when that court rendered its final decree of divorce in favor of *feme* petitioner. Under the stipulated fact by the parties here to the effect that they perpetrated a gross fraud upon the Alabama court in representing that she was a resident of Alabama when she and respondent were residents of Surry County, North Carolina, the divorce decree rendered by the Alabama court is null and void under the laws and decisions of the Supreme Court of Alabama for lack of jurisdiction and is not entitled to full faith and credit under the provisions of the Federal Constitution in the courts of North Carolina.

*In re Biggers,* 228 N.C. 743, 47 S.E. 2d 32, relied on by plaintiff is clearly distinguishable. In that case no gross fraud was perpetrated on the court in Florida, as was done on the Alabama court by stipulation of the parties here.

The judgment of the able and experienced trial judge is correct and is affirmed, although his conclusion of law upon which he based it is

on the wrong ground. He should have based his judgment upon a conclusion of law that the final divorce decree rendered by the Alabama court was null and void for lack of jurisdiction under the laws of the State of Alabama by reason of the stipulation the parties made before him to the effect *feme* petitioner and the respondent were residents of Surry County, North Carolina, when she instituted the divorce action in the circuit court in Alabama and when four days later that court entered its decree of final divorce, and that the parties by such stipulation admitted they perpetrated a gross fraud upon the Alabama court.

Affirmed.